609 A.2d 884

**John S. ROBLYER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION
AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 10, 1992.

Decided May 15, 1992.

Kent D. Watkins, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

John Roblyer appeals a Pennsylvania Board of Probation and Parole (Board) decision denying his request for reconsideration of its denial of administrative relief.

While on parole from a five-to-twenty year sentence for arson, Roblyer was arrested and charged with rape. He pled guilty and was sentenced to serve a term of two-to-ten years. The Board scheduled a revocation hearing to determine whether he should be recommitted as a convicted parole violator. At that hearing, the Board produced Roblyer's written waiver of his right to counsel. The hearing examiner asked Roblyer if he understood that the Board would continue the proceedings if he wished to be represented by counsel, without penalty or prejudice to Roblyer.

> HEARING EXAMINER: You also understand that you can request a continuance until this—until an attorney present, there would be no penalty for that?
> MR. ROBLYER: Yes.
> HEARING EXAMINER: Still wish to waive your right?
> MR. ROBLYER: No. Yes. Yeah.
> (Certified Record pp. 23–24)

The following exchange also took place:

> HEARING EXAMINER: Are you taking medication?
> MR. ROBLYER: Yes.

HEARING EXAMINER: What medication are you taking?

MR. ROBLYER: Right now? I'm on 400 milligrams of Thorazine, Decapryn, or 150 milligrams of Novocain–Suprarenin.

HEARING EXAMINER: Do you know what those medicines are for?

MR. ROBLYER: Yes. For me not to hallucinate and to keep calm.

HEARING EXAMINER: Have you been on that for the whole time you were on parole?

MR. ROBLYER: No, my medicine has changed over the years.

HEARING EXAMINER: Is there anything else you want to say?

MR. ROBLYER: No.

(Certified Record pp. 26–27)

After the revocation hearing, the Board recommitted Roblyer to his original sentence as a convicted parole violator. Roblyer, *pro se,* sought administrative relief from this decision, which was denied.

Thereafter, the Board received a request for reconsideration from Roblyer, who now had counsel. That request asserted that Roblyer was denied his right to assistance of counsel and was unable to make a knowing waiver of that right. The Board denied Roblyer's reconsideration request.

At issue is whether the Board improperly denied Roblyer's request because, being uncounseled at the time of his recommitment hearing and under the influence of three pschyotropic drugs, he was unable to effect a conscious and intelligent waiver of his right to counsel. The Board contends that Roblyer's challenge has been waived because he failed to present this claim in his administrative appeal.

It is true the petitioner did not initially raise the ineffective waiver of counsel issue in his *pro se* request for administrative relief. Rather, the issue was first raised by counsel in the request for reconsideration of the Board's decision denying that request. The Board argues that Roblyer's claim therein

that he "did not make a knowing and intelligent waiver of counsel or was denied counsel" is insufficient, without more, to preserve his lack of capacity claim.

However, as in *Coades v. Pennsylvania Board of Probation and Parole,* 84 Pa.Commonwealth Ct. 484, 480 A.2d 1298 (1984), where the issue was not raised until an amended petition for review was filed by appointed counsel, we will consider the issue on its merits rather than deem it waived for failure to aver sufficient facts to support the claim at the first opportunity.

In *Coades,* the Court outlined the foundations of a parolee's right to counsel, which is based in Pennsylvania statutory law. *Id.,* 84 Pa.Commonwealth Ct. at 496, 480 A.2d at 1305.

There, the Court explained that, absent substantial mitigation which would render revocation inappropriate and where that mitigation is complex or otherwise difficult to develop, the rights of defendants in criminal proceedings guaranteed by the Federal and Pennsylvania Constitutions do not attach in parole revocations proceedings. This conclusion was based in part on the United States Supreme Court's holding in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that a parole revocation proceeding is not part of a criminal prosecution and parolees are not entitled to the same constitutional guarantees as criminal defendants.

■ The Board's regulations implementing the statutes require it to notify a parolee of the right to free counsel, advise that there is no penalty for requesting counsel, and to continue the proceedings if a parolee is unrepresented and is unwilling to waive his right.

Our holding on *Coades* remains intact. *Hill v. Pennsylvania Board of Probation and Parole,* 89 Pa.Commonwealth Ct. 140, 142, 492 A.2d 80, 84 (1985). The strict test for determining a valid waiver of counsel applicable to criminal proceedings and, requiring an intensive on-the-record colloquy in which only a "penetrating and comprehensive" inquiry of the defendant will suffice, need not be met.

█ It is sufficient that the Board inform the parolee of the right to counsel, provide the name and address of the appropriate public defender and obtain a written statement from the parolee that he has been fully advised of his right and has waived it of his or her own free will, without threat or coercion. Under those conditions, a parolee's waiver of counsel will be deemed informed and voluntary. *Coades*, 84 Pa.Commonwealth Ct. at 499, 480 A.2d at 1306.

█ Notwithstanding the less stringent requirements in parole revocation proceedings for a finding of effective waiver of counsel, the question remains whether the three prescribed psychotropic drugs Roblyer was taking allowed him to understand the consequences of his agreeing to proceed with his recommitment hearing without assistance of counsel.

Even accepting the *Coades* and *Hill* standards in the usual parole violation proceedings, our opinion is that here, Roblyer was taking drugs to prevent hallucination, and a more searching inquiry should have been conducted if the hearing examiner were to ascertain whether Roblyer's waiver was knowing and informed before it was accepted. Certainly at least, questions should be asked about the effects of such drugs at the time of the hearing and, while we agree with the Board that we cannot presume his medication rendered Roblyer incapacitated, an inquiry to the prescribing doctor would provide some indication of the drugs' effect on Roblyer's capacity to waive his right.

We therefore reverse with direction to the Board to hold a hearing to determine if Roblyer's waiver of his right to counsel was knowing and informed, and, if necessary, to hold a new parole violation hearing.

## ORDER

AND NOW, this 15th day of May, 1992, the decision of the Pennsylvania Board of Probation and Parole (Board) denying the petitioner's request for reconsideration, dated November 20, 1991, is hereby reversed. The Board shall conduct a hearing to determine whether Roblyer's waiver of his right to

counsel was voluntary and informed. If the Board determines that Roblyer's waiver was not voluntary and informed, it shall conduct a parole revocation hearing, in which proceeding petitioner may choose to be represented by counsel.

KELLEY, J., dissents.