Lawrence McKENZIE, Petitioner

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 21, 2008.
Decided Jan. 9, 2009.

David Crowley, Chief Public Defender, Bellefonte, for petitioner.

Alan M. Robinson, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Lawrence McKenzie petitions for review of a decision of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal of a Board order recommitting him as a technical parole violator to serve 15 months' backtime. On appeal, McKenzie asserts the Board violated his right to due process by failing to provide a final hearing prior to parole revocation and by utilizing improper procedures for obtaining waivers of hearings and counsel. We affirm.

In May 2007, the Board paroled McKenzie from a seven-year sentence for aggravated assault, resisting arrest, and forgery-related offenses (state sentence). Certified Record (C.R.) at 1, 15. The state sentence had a minimum expiration date of December 27, 2005 and a maximum expiration date of August 29, 2009. *Id.* at 3. The Board subsequently recommitted McKenzie as a technical parole violator but re-paroled him to the Philadelphia Kintock–Erie Community Corrections Center. *Id.* at 22. The special conditions of McKenzie's parole included completion of Kintock's Back on Track Program. *Id.* at 27.

McKenzie absconded from Kintock but turned himself in to Board agents on December 31, 2007.[1] *Id.* at 33. At that time, parole staff placed McKenzie in Coleman Hall, another community corrections facility. *Id.* However, Coleman Hall discharged McKenzie from its program after he kicked a hole in the wall. *Id.* The Board then placed McKenzie in the Pennsylvania Community Alternatives to Prison Program (PennCAPP). *Id.* at 35. PennCAPP discharged McKenzie for aggressive behavior, and the Board subsequently issued a warrant to commit and detain him. *Id.* at 30, 33.

On January 18, 2008, Board agents arrested McKenzie for technical parole violations, namely, his failure to complete a community corrections program. On the day of his arrest, McKenzie executed several Board forms. McKenzie signed these forms in the presence of Parole Agent Justin Kennett (Parole Agent). In particular, McKenzie signed a Notice of Charges and Hearings. *Id.* at 35. He also executed forms waiving representation by counsel, his right to a preliminary hearing, and his right to a panel hearing. *Id.* at 44–45.

Important for current purposes, McKenzie also executed a waiver of violation hearing and admission form. *Id.* at 43. In this form, McKenzie acknowledged an understanding of his constitutional right to a violation hearing, and he waived the right of "his own free will, without promise, threat or coercion." *Id.* McKenzie further "knowingly, intelligently, and voluntarily" admitted he violated the conditions of his parole, namely, discharge from a community corrections facility without completion of the program. *Id.* He also acknowledged his right to withdraw the admission within 10 calendar days. *Id.* In the space provided, McKenzie indicated staff (presumably PennCAPP) inaccurately reported he refused to complete intake paperwork and he would prefer a prison program if re-paroled. *Id.* Parole Agent witnessed McKenzie's execution of the

---

1. The Board's supervision history report and appellate brief indicate McKenzie turned himself in to Board agents on December 31, 2008. This is an obvious typographical error and the correct year should be 2007 based on McKenzie's release earlier the same year.

Board's forms. McKenzie did not rescind the Waiver of Violation Hearing and Admission Form.

A Board panel subsequently prepared a report based on McKenzie's waivers and admissions. *Id.* at 37–42. Relying on McKenzie's admissions, the Board recommitted him to serve 15 months' backtime.[2] *Id.* at 48. The backtime imposed by the Board's recommitment order was in the presumptive range for the technical violations. *See* 37 Pa.Code § 75.4 (presumptive range of 3 to 18 months for violation of special condition).

Representing himself, McKenzie filed a petition for administrative relief. *Id.* at 49–51. McKenzie alleged Parole Agent "coerced" him into signing the Notice of Charges and Hearings by convincing him he would be re-paroled. The Notice of Charges and Hearings was filled with inconsistencies and perjury; therefore, he was denied all of his constitutional rights. *Id.* at 49–51. In particular, McKenzie averred Parole Agent acted as a hearing examiner by requesting McKenzie sign the Notice and a waiver. McKenzie asserted errors in the Notice and the Board's failure to provide an opportunity to defend the allegations against him in violation of 37 Pa.Code § 71.2.[3]

By decision mailed May 28, 2008, the Board affirmed its recommitment order, citing McKenzie's voluntary waiver of his hearing rights and admission of the parole violation. C.R. at 53; *see* Wile, *Pa. Law of Prob. & Parole,* § 17.7 (2d ed. 2003) (Board review is limited to determining whether the decision is supported by substantial evidence or whether a violation of law occurred). McKenzie appeals.[4]

In a counseled petition for review, McKenzie asserts the Board violated his right to due process by failing to conduct a final fact finding hearing in accord with the Board's regulations. McKenzie assigns further error in the Board's procedures allowing parole agents to secure waivers.

In his first assignment of error, McKenzie asserts the Board's regulations require a final fact finding hearing before it may revoke a parolee's parole. After a detailed review of the parole revocation process, McKenzie contends the evidence upon which the Board ordered recommitment is not of record because a Board representative familiar with the facts constituting the violation did not appear to testify at a final hearing. *See* 37 Pa.Code § 71.2(15). We reject McKenzie's argument.

█ The Board may take official notice of information contained in its own files.

---

**2.** Board records indicate McKenzie's past record includes one prior state recommitment as a technical parole violator, 23 arrests, four confinements, nine convictions and one parole violation. Certified Record (C.R.) at 34.

**3.** The Board, at 37 Pa.Code § 71.2, details the procedures it must follow when charging a parolee with technical parole violations. The regulation further explains the parolee's due process rights during the revocation process. In his petition for administrative relief, McKenzie asserted the Board failed to follow subsections (1) (regarding notification of charges, and rights to preliminary hearing, present evidence and counsel, and purpose of hearing); (2) (regarding written copy of notice of charges with hearing date); (3) (regarding the right to a preliminary hearing within 14 days of detention); (4) (regarding preliminary hearing before hearing examiner); (5) (regarding preliminary hearing proceedings); and (11) (regarding notification of violation hearing).

**4.** Our review is limited to determining whether substantial evidence supports the Board's decision, and whether the Board erred as a matter of law or violated the parolee's constitutional rights. 2 Pa.C.S. § 704; *Reavis v. Pa. Bd. of Prob. & Parole,* 909 A.2d 28 (Pa. Cmwlth.2006).

In *Taylor v. Pennsylvania Board of Probation and Parole*, 130 Pa.Cmwlth. 627, 569 A.2d 368 (1989), we rejected the claim the Board improperly relied on a request for continuance contained in a parolee's file to determine whether a parole revocation hearing was timely. The *Taylor* Court observed official notice is the administrative counterpart to judicial notice and allows an agency to take official notice of facts contained in reports and records in the agency's files, in addition to facts obvious and notorious to the average person. As in *Taylor*, the Board forms here are official forms prepared by a board employee and contained within McKenzie's file.

Moreover, our Supreme Court explained in *Commonwealth v. Kates*, 452 Pa. 102, 119, 305 A.2d 701, 710 (1973), the law does not require

a revocation hearing be conducted with the same procedural and evidentiary rules as would apply to a trial on the criminal charges growing out of the same facts. In this area of rights of probationers and parolees *the controlling factor is not whether the traditional rules of evidence or procedure ... have been strictly observed, but rather whether the probative value of the evidence has been affected.* ... [T]he purpose of the revocation hearing is simply to establish to the satisfaction of the [Board] who granted [parole] that the individual's conduct warrants his continuing as a [parolee]. (Emphasis added).

■ The revocation process has two distinct components. The first component involves a factual issue as to whether the parolee violated one or more conditions of his parole. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Only upon a finding the parolee violated the conditions of his parole does the second question arise: whether the parolee

should be recommitted to prison or whether other steps should be taken to improve the parolee's chances of rehabilitation. *Id.*

McKenzie does not explain how the evidentiary value of his admission was adversely affected by the Board's procedures. *Cf. Kates.* To that end, McKenzie does not claim that he is innocent of the parole violation or that he sought to rescind his admission.

Similarly, McKenzie does not suggest a hearing is required to determine whether there are unknown mitigating circumstances which could persuade the Board that recommitment is not an appropriate course despite his most recent three program failures. He makes no offer of proof relating to the sanction.

■ Furthermore, in the Waiver of Violation and Admission Form, McKenzie acknowledged in writing that he understood his right to a preliminary hearing and a violation hearing, and that he waived this right "of my own free will, without promise, threat or coercion." C.R. at 43. McKenzie now claims this is inaccurate. As a result, the factual issue McKenzie wishes to pursue is self-impeachment. Board regulations do not require a hearing for this purpose.

In *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257 (Pa. Cmwlth.2008), we expressly recognized a parolee may waive his right to a final violation hearing. Like McKenzie, the parolee in *Prebella* executed the same waiver of violation hearing and admission form at issue here, and admitted he used cocaine in violation of the terms of his parole. The parolee also signed a notice of charges and hearings; waiver of counsel; waiver of preliminary hearing; and waiver of panel hearing. The Board subsequently recommitted the parolee to serve backtime, and the parolee sought administrative relief.

He maintained a board agent coerced him into waiving his rights and promised him placement in a half-way back program if he admitted the parole violation. On appeal, the parolee asserted he waived his constitutional rights based on the agent's misrepresentations.

Rejecting the parolee's claim the Board's waiver of violation hearing and admission form violated his right to due process, we stated at length:

the Board's regulations specifically envision waivers by parolees accused of violations, including waiver of a violation hearing. *See* 37 Pa.Code § 71.2(5) (right to preliminary hearing and right to counsel may be waived, parolee may waive right to have violation hearing before Board panel); 37 Pa.Code § 71.2(7) (violations may be admitted, agreed to or stipulated); 37 Pa. code § 71.2(9) (examiner shall initiate scheduling a violation hearing *"if desired by the parolee* or by the Board's representative to resolve remaining contested relevant facts") (emphasis added).

Further, and also contrary to [the parolee's] argument, Pennsylvania law clearly supports the type of waivers executed here. In order to effectuate a knowing and voluntary waiver in Parole Board cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form. *See Roblyer v. Pa. Bd. of Prob. & Parole,* [148 Pa.Cmwlth. 107, 609 A.2d 884 (1992)] (waiver of counsel); Wile, *Pennsylvania Law of Probation and Parole,* § 13:25 (2d. ed. 2003). The waiver need not be effectuated in an "on the record colloquy." *See Coades v. Pa. Bd. of Prob. & Parole,* [84 Pa.Cmwlth. 484, 480 A.2d 1298, 1305 (1984)] (waiver of counsel). Rather, as here, execution

of the Board's form is sufficient. *See also Hill v. Pa. Bd. of Prob. & Parole,* [89 Pa.Cmwlth. 140, 492 A.2d 80 (1985)] (waiver of counsel).

Right to counsel in a state parole violation hearing is not based on either the state or federal constitutions, but rather on statutory law, case law and regulatory law. *Worthington v. Pa. Bd. of Prob. & Parole,* 784 A.2d 275 (Pa.Cmwlth. 2001). A parolee's waiver of counsel is deemed informed and voluntary if, as here, the parolee is informed of right to counsel, provided the name and address of the appropriate public defender, and gives his written statement that he has been fully advised of this right and waived it out of his own free will. *Roblyer; Hill.* There is no authority that each of multiple waiver forms must contain a provision waiving the right to counsel; there is no authority that a parolee must repeatedly waive the right to counsel; and there is no authority that an unconditional waiver of counsel is nevertheless implicitly limited in duration or breadth. Rather, a written waiver of counsel continues effective according to its terms until revoked by a parolee.

A parolee "must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or if he did, that circumstances in mitigation suggests that the violation does not warrant revocation." *Morrissey v. Brewer,* 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). However, nothing in *Morrissey* prevents a parolee from waiving a violation hearing without first consulting counsel. A parole revocation hearing is not the equivalent of a "criminal prosecution in any sense." *Id.* at 489, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

In addition, and also contrary to [the parolee's] contentions, the violation hearing waiver form here reflects [the parolee] voluntarily, knowingly and intelligently waived his right to a violation hearing and admitted the parole violations....

*Prebella,* 942 A.2d at 261–62.

Our decision in *Prebella* compels the same result here. In view of the foregoing, the record supports the Board's final decision McKenzie admitted violating the terms of his parole.

The second issue McKenzie presents for review is whether the Board utilized improper procedures for obtaining McKenzie's violation hearing waiver and waiver of counsel. As to the violation hearing, McKenzie asserts a waiver must be verified by a hearing examiner; therefore, the written waiver obtained by Parole Agent and reviewed by Parole Supervisor here are not consistent with the Board's regulations. Regarding the right to counsel, McKenzie contends the written waiver obtained here is ineffective because the record lacks evidence that Parole Agent advised him there is no penalty for requesting counsel and provided him with the name and address of the local public defender.

■ The Board responds to McKenzie's waiver of counsel challenge by noting he failed to raise the issue in his petition for administrative relief. We agree. It is well-settled that failure to raise an issue before the Board results in waiver and precludes this Court from review. *Koehler v. Pa. Bd. of Prob. & Parole,* 935 A.2d 44 (Pa.Cmwlth.2007). We reviewed McKenzie's petition for administrative relief, and discern no allegations supporting the present claim the Board violated its own regulations in its procurement of the waiver of counsel.[5]

■ With regard to the violation hearing, the Board responds that a hearing need not be convened to validate the choice to waive as intelligently made. The Board relies on *Prebella.* We agree.

In this case, McKenzie signed three different waiver of hearing forms: the Waiver of Violation Hearing and Admission Form; the Waiver of Preliminary Hearing; and the Waiver of Panel Hearing. As a result, McKenzie stated three times that

---

**5.** On the merits, we specifically reject McKenzie's arguments that a valid pre-hearing waiver of counsel requires, among other things, oral and written notification that the parolee will not be penalized for requesting counsel.

The Waiver of Representation by Counsel form executed by McKenzie here states:

> Having been fully advised of my right to counsel of my choice to represent me at a hearing before the Board, and of my right to appointed counsel if I cannot afford counsel of my choice, I hereby waive this right and request that my hearing be held without counsel.
>
> This waiver is made of my own free will, without threat or coercion.

C.R. at 45. Our Court consistently upholds waiver of counsel based solely on a parolee's execution of this waiver form. *Prebella; Hill v. Pa. Bd. of Prob. & Parole,* 89 Pa.Cmwlth. 140, 492 A.2d 80 (1985). The waiver need not be effectuated in an "on the record colloquy." *Prebella; Coades v. Pa. Bd. of Prob. & Parole,* 84 Pa.Cmwlth. 484, 480 A.2d 1298 (1984). The written waiver of counsel continues in effect according to its terms until revoked by a parolee. *Prebella.* McKenzie did not revoke the waiver of counsel until after the recommitment order. At that point, he was provided counsel.

Because technical violations were involved here, the procedures are governed by 37 Pa. Code § 71.2. Subsection 14 provides that "[i]f *a parolee appears without counsel at the violation hearing,* the panel or examiner shall determine whether the parolee understands ... that there is no penalty for requesting counsel." 37 Pa.Code § 71.2(14). In this case, McKenzie waived the violation hearing; accordingly, he did not appear without counsel at the violation hearing.

he understood his hearing rights and that he waived them "of my own free will without promise, threat or coercion." C.R. at 43–44.

In *Prebella,* this Court upheld the uncounseled written waivers of preliminary and violation hearings on the same forms involved here. Despite the parolee's later raised claims that he had been promised leniency to induce the waivers, the Court did not require an "on the record colloquy" to validate the choice to waive. Rather, the clear statements in the forms were sufficient to establish the validity of the waivers. The same result obtains in this case.

Further, we reject McKenzie's unsupported argument that his parole agent is biased and should not be allowed to obtain waivers from him. Although an accused may affirmatively demonstrate by cross-examination that a witness against him is biased, there is no known authority for a presumed bias of an arresting police officer or a charging parole agent. Moreover, if McKenzie believed that Parole Agent treated him unfairly or was biased against him, his remedy was to withdraw his admissions and request a violation hearing. He did not do so until the time for the hearing passed.

For all the foregoing reasons, we affirm.

### ORDER

AND NOW, this 9th day of January, 2009, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED.**