J-S60036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID PILAWSKI, | : | |
| | : | |
| Appellant | : | No. 3606 EDA 2015 |

Appeal from the Judgment of Sentence November 2, 2015,
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0000276-2012
CP-09-CR-0001181-2014
CP-09-CR-0004986-2013

BEFORE:  SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED JANUARY 19, 2017**

David Pilawski (Appellant) appeals from the judgment of sentence imposed on November 2, 2015, following revocation of his parole at CP-09-CR-0000276-2012 (276-2012) and CP-09-CR-0001181-2014 (1181-2014), and the revocation of his probation at CP-09-CR-0004986-2013 (4986-2013).  We affirm.

The revocation court aptly set forth the relevant factual and procedural history of this matter as follows.

[276-2012]

> On March 9, 2012, [Appellant] pled guilty [at 276-2012] to retail theft and receiving stolen property after his arrest on November 11, 2011 for stealing baby formula from the

---

* Retired Senior Judge assigned to the Superior Court.

Genuardi's Supermarket in Middletown Township, Bucks County, Pennsylvania. He was sentenced to 18 months of probation, to be served consecutively to a prior sentence of probation he had received.

On September 10, 2012, [Appellant] was found to have violated his probation, which was thereafter revoked. He was resentenced to another 18 months of probation, to be again served consecutively to a prior sentence of probation he had received [on a prior, unrelated case].

On October 30, 2013, pursuant to a stipulated violation of probation, [Appellant's] probation previously granted on September 10, 2012 was revoked, and he was resentenced to one year of probation. This probation was again to be served consecutively to the previous sentence he received [on a prior, unrelated case].

On May 15, 2014, [Appellant] was again found to have violated his probation, which was again revoked, and he was sentenced to undergo incarceration in the Bucks County Correctional facility ("BCCF") for not less than 1 year minus one day nor more than 2 years minus one day.

On November 2, 2015, pursuant to an agreement [Appellant] entered into with the Commonwealth prior to the bench warrant proceeding, [Appellant] was found to be in violation of his parole granted under the sentence issued on May 15, 2014, and he was sentenced to serve his backtime of 9 months 13 days, concurrent to the sentences he was serving under [4986-2013 and 1181-2014].

[4986-2013]

On October 3, 2013, [Appellant] pled guilty to retail theft, after he and an accomplice were arrested on June 28, 2013 for stealing Similac baby formula from the Toys R Us store in Langhorne, Bucks County. [Appellant] received a sentence of two (2) years of probation for that conviction.

On May 15, 2015, [Appellant] was found to be in violation of that probation. His probation was revoked, and he was resentenced to four (4) years of probation, to be served

- 2 -

concurrently with his sentences of probation under Bill Nos. [276-2012] and [1181-2014].

On November 2, 2015, pursuant to another agreement [Appellant] entered into with the Commonwealth prior to the bench warrant proceeding, [Appellant] was found to be in violation of that probation, which was thereafter revoked, and he was resentenced to undergo incarceration in a state correctional institution in a therapeutic community for not less than two (2) nor more than four (4) years.

[1181-2014]

On May 2, 2014, [Appellant] pled guilty to simple assault and harassment after his arrest for assaulting another inmate in a holding cell at the BCCF on January 7, 2014. On May 15, 2014, [Appellant] was sentenced to undergo imprisonment at the BCCF for not less than 1 year minus one day nor more than 2 years minus one day. On August 1, 2015, he was granted parole from that sentence.

On November 2, 2015, pursuant to a third agreement [Appellant] entered into with the Commonwealth prior to the bench warrant proceeding, this court found [Appellant] in violation of his parole, which was thereafter revoked, and he was sentenced to serve the remaining backtime of nine (9) months and thirteen (13) days.

On November 10, 2015, the Bucks County Public Defender's Office filed on behalf of [Appellant] a Motion for Appointment of Private Counsel and a Motion to Withdraw Admission of Violation of Parole and/or Probation and for Reconsideration of Sentence. In the latter motion, [Appellant] "asked to withdraw his admission that he was in violation of his probation and parole and asked for reconsideration of his sentences because he claims he did not knowingly, intelligently, and voluntarily waive his rights, did not fully understand the proceeding, and did not have counsel." Motion, 11/10/15.

On November 19, 2015, an order was issued by the Honorable Wallace H. Bateman, Jr., granting the motion for appointment of private counsel.

- 3 -

On December 1, 2015, an order was issued which scheduled a hearing on [Appellant's] motions for December 15, 2015.

On December 2, 2015, [Appellant's] court-appointed private counsel filed a notice of appeal from the judgment of sentences issued on November 2, 2015, and the hearing scheduled for December 15, 2015 was cancelled.

Revocation Court Opinion, 3/31/2016, at 1-3 (footnotes and unnecessary capitalization omitted). Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.[1]

Appellant asks this Court to consider the following.

1. Did the [revocation court] err in finding that [Appellant's] waiver of his right to revocation hearings and/or his admission to the violations alleged in support of the request to violate his probation and parole was knowingly, intelligently and voluntarily made?

2. Did the [revocation court] err in finding that [Appellant's] waiver of his right to revocation hearings before the judge who received [Appellant's] pleas of guilty at the time of the initial disposition of the underlying cases and his right to have sentence imposed after such revocation by the judge who

---

[1] On September 21, 2016, we issued a memorandum quashing Appellant's appeal as premature and remanding the matter to the trial court for consideration of Appellant's outstanding post-sentence motion on the basis that Rule of Criminal Procedure 720(B)(3)(a) and *Commonwealth v. Borrero*, 692 A.2d 158 (Pa. Super. 1997), controlled. *Commonwealth v. Pilawski*, 3606 EDA 2016 (Pa. Super. filed Sept. 21, 2016) (unpublished memorandum). On November 11, 2016, the Commonwealth filed a petition for panel reconsideration, which this Court granted on November 21, 2016, because this case is governed by Rule 708, which provides, *inter alia*, that the "the filing of a motion to modify sentence [after a revocation proceeding] will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). Because Appellant timely filed his notice of appeal within thirty days of the imposition of sentence as required by Rule 708, the issues raised herein are ripe for our review.

received [Appellant's] pleas of guilty was knowingly, intelligently and voluntarily made?

Appellant's Brief at 3.

"[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa. Super. 2015) (quoting **Commonwealth v. Cartrette**, 83 A.3d 1030, 1033 (Pa. Super. 2013) (*en banc* )). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. McNeal**, 120 A.3d 313, 322 (Pa. Super. 2015) (citations and quotation marks omitted).

Appellant first contends that he did not knowingly, intelligently, or voluntarily admit to the underlying probation and parole violations nor did he waive properly his right to a violation hearing. Appellant's Brief at 9-12.

> In **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court held that a defendant accused of violating the terms of his probation is entitled to two hearings prior to formal revocation and re-sentencing.
>
> > When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. Where

> a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is required before a final revocation decision can be made.
>
> **Commonwealth v. Sims**, 770 A.2d 346, 349 (Pa. Super. 2001). The **Gagnon II** hearing requires two inquiries: (1) whether the probationer has in fact violated one of the conditions of his probation, and, if so, (2) should the probationer "be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation[.]" **Id.** (quoting **Gagnon, supra** at 784, 93 S.Ct. 1756).

**Commonwealth v. Heilman**, 876 A.2d 1021, 1026–27 (Pa. Super. 2005).

However, it is well-settled that "there are articulable differences between probation revocation hearings and criminal trials. Probation, like parole, is not part of the criminal prosecution, and thus the full panoply of rights due a defendant in a criminal trial does not apply to probation revocation." **Gagnon**, 411 U.S. at 781.

Relying on cases decided by our Commonwealth Court, **McKenzie v. Pennsylvania Board of Probation and Parole**, 963 A.2d 616 (Pa. Cmwlth. 2009) and **Prebella v. Pennsylvania Board of Probation and Parole**, 942 A.2d 257 (Pa. Cmwlth. 2008), Appellant contends that the language of the Order Probation/Parole Violation Agreement forms he signed at all three above-captioned cases on November 2, 2015, was insufficient to "ensure a knowing and voluntary waiver of one's rights." Appellant's Brief at 12. However, as the Commonwealth correctly points out, those cases deal with waiver documents subject to the regulations of parole revocation hearings before the state Board of Probation and Parole. **See** 37 Pa. Code

§ 71.2. As a Bucks County probation and parole matter, Appellant's cases fell under the procedures outlined in Pa.R.Crim.P. 708, which states as follows.

> **(A)** A written request for revocation shall be filed with the clerk of courts.
>
> **(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
>> (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
>>
>> (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.
>
> **(C)** Before the imposition of sentence,
>
>> (1) the defendant may plead guilty to other offenses that the defendant committed within the jurisdiction of the sentencing court.
>>
>> (2) When such pleas are accepted, the court shall sentence the defendant for all the offenses.

Pa.R.Crim.P. 708.

> Our Court has held that,
>
> at a [county-level] probation or parole revocation hearing, the following procedural safeguards apply:
>
>> (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses

- 7 -

(unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

*Commonwealth v. Ferguson*, 761 A.2d 613, 617–18 (Pa. Super. 2000) (citation omitted).

We acknowledge that one violation hearing may satisfy the requirements of both a *Gagnon I* and *Gagnon II* hearing. In addition, a defendant always has the right to waive his *Gagnon II* hearing. **However, for this Court to uphold such a waiver [of a constitutional right], the record must clearly demonstrate an informed relinquishment of a known right.**

*Heilman*, 876 A.2d at 1027 (emphasis added; citations omitted).

In *Heilman*, the appellant appealed from the judgment of sentence entered following the revocation of his Clinton County probation, alleging, *inter alia*, that the revocation court erred in revoking his probation without providing him with a *Gagnon II* hearing. *Heilman*, 876 A.2d at 1026. The record revealed that

after [Heilman's] counsel informed the court that [Heilman] had a different explanation for his termination [from a court-ordered program], the court stated 'You're entitled to a *Gagnon I* or *Gagnon II*. What do you want to do?' Rather than responding to the court's question, counsel began questioning [Heilman] regarding the circumstances surrounding his termination.

*Heilman*, 876 A.2d at 1024 (citation omitted). Rather than clarifying Heilman's position regarding a hearing, the revocation court unilaterally revoked probation. *Id.* This Court reversed judgment of sentence and

remanded for a proper hearing, holding that the revocation court's determination that Heilman's failure to request a hearing was tantamount to a waiver of his right to one was in error and failed to meet the standard of a fully informed wavier. *Id.* at 1027.

The situation presented in **Heilman** is markedly different from the case at bar. Here, according to the three written agreement forms and the notes of testimony, Appellant appeared at the bench warrant hearing ready to enter into a negotiated agreement on each of his three cases. The top of the Order Probation/Parole Violation Agreement forms at issue includes, *inter alia*, the names of the probation officer, district attorney, and defense counsel who appeared at the November 2, 2015 hearing. In addition to stating the negotiated sentence, each form signed by Appellant contains an "Admission/Statement of Understanding," which provides as follows.

> By entering into the above agreement, I acknowledge that I am in … Violation of Probation/Parole. I understand that I have the right to a formal Probation/Parole Hearing. I further agree to abide by the terms and conditions of this agreement, in addition to the general rules of regulations of Probation/Parole. I understand that failure to abide by the above agreement may result in my arrest and detention, pending a formal Probation/Parole Violation Hearing.

Order Probation/Parole Violation Agreement, 11/2/2015.

Further, prior to accepting Appellant's agreements, the following was placed on the record.

**THE COURT**: How many agreements do you have?

[**ASSISTANT DISTRICT ATTORNEY** (**ADA**)]: I believe there are five.

**THE COURT**: We'll do them all at one time.

[**ADA**]: [Names five individuals entering into probation/parole violation agreements, including Appellant and asks those assembled if there are any other agreements to be entered].

**THE COURT**: So for each of you who have reached agreements, be they by way of dispositions or continuances or whatever other matters constitute the Agreement between you and the Commonwealth, it is not necessary for me to go into the terms or conditions or whatever it was that you all have agreed to because you've discussed the matter and that you fully understand the terms of the Agreement.

You should know that once that Agreement is accepted, it will constitute an Order of Court. So before accepting those agreements, I ask each of you individually and as a group is there anyone who has any question about the terms of the agreement, if so, raise your hand and we can discuss it now.

All right. No hands have been raised.

You do understand that once the Agreement is accepted, if there is a disposition that involves the adjudication of your violation, be in probation or parole, that you will have ten days to appeal or to file post disposition motions. Ten days for the motions, 30 days to appeal to the Superior Court. You have a right to be represented by an attorney. The Bucks County Public Defender's Office is available to represent you if you qualify for their services. There is a panel of attorneys provided by the Bucks County Bar Association who will take criminal cases on below market rate. You, of course, have the right to proceed without counsel.

Anybody have any questions?

> All right. The agreements that you have reached with the Commonwealth [are] accepted and made [Orders] of Court and you can take your seats at this point.

N.T., 11/2/2015, at 2-4.

Accordingly, the record demonstrates that Appellant freely and voluntarily relinquished his known right to a formal hearing by signing three written order forms to that effect. Further, unlike the appellant in **Heilman**, Appellant was given the chance to inform the trial court that he did not understand the document or the terms of his admission. He failed to do so. As both parties point out, this was not Appellant's first foray into the world of violation hearings, and he was provided with counsel during the negotiation. Thus, we find no error in the revocation court's determination that Appellant's waiver and admission were valid.

Appellant next argues that the revocation court erred in finding that the waiver of his right to a formal hearing and imposition of sentence by the Honorable Clyde W. Waite occurred in violation of Rule of Criminal Procedure 700[2], and Bucks County Local Rule 1401(b)*(1),[3] both of which require

---

[2] "Except as provided in paragraph (B), the judge who presided at the trial or who received the plea of guilty or *nolo contendere* shall impose sentence unless there are extraordinary circumstances which preclude the judge's presence. In such event, another judge shall be assigned to impose sentence." Pa.R.Crim.P. 700(A).

[3] "The sentence on a plea of guilty or *nolo contendere* may be imposed by a judge other than the judge who received the plea of guilty or *nolo contendere*. In such event, the defendant must have been so notified at the time of entering the plea." Bucks County R.CR.P. 1401(b)*(1).

imposition of sentence by the judge who presided over the original disposition, unless special circumstances dictate otherwise. Appellant's Brief at 13-15. Specifically with respect to the local rule, Appellant contends that he did not affirmatively waive his right to be sentenced by his original judge. *Id.*

Before we may reach the merits of Appellant's claim, we must determine whether it has been preserved properly for our review. As the above-quoted notes of testimony make clear, Appellant failed to object to Judge Waite's presiding over the November 2, 2015 hearing. As this Court has held, "[w]here, […] there is no objection to the substitution of judges at sentencing, the issue is deemed to be waived for purposes of appellate review." *See Commonwealth v. Rhoads*, 323 A.2d 249, 250 (Pa. Super. 1974). Accordingly, we find Appellant's claim waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017