# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maurice Shoatz,                :
            Petitioner      :
                        :
      v.                :  No. 1234 C.D. 2024
                        :  SUBMITTED:  July 7, 2025
                        :
Pennsylvania Parole Board,   :
            Respondent  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE MATTHEW S. WOLF, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED:  August 8, 2025**

Petitioner, Maurice Shoatz, petitions for review from the Pennsylvania Parole Board's denial of his administrative appeal from an order recommitting him as a convicted parole violator (CPV).  We affirm.

The pertinent background is as follows.  In August 2014, Petitioner received a sentence of 6 to 15 years of incarceration following convictions for firearms related offenses.  Certified Record (C.R.) at 1-2.  His minimum and maximum sentence dates on those sentences were October 28, 2018, and April 28, 2027, respectively.  C.R. at 2.  In September 2019, he was released on parole with a maximum date of April 28, 2027.  C.R. at 8.  On February 2, 2022, the Department of Corrections lodged its detainer.  C.R. at 15.  The following day, the Philadelphia Police Department arrested Petitioner on new criminal charges in Philadelphia

County. C.R. at 16, 64. The Philadelphia Municipal Court set bail at $750,000. C.R. at 34. Petitioner failed to post bail and remained in custody at the Philadelphia County Detention Center. On November 13, 2023, he entered a guilty plea to his new criminal conviction of defiant trespass—actual communication.[1] C.R. at 53, 56.

Subsequently, Petitioner waived his parole revocation hearing and admitted to his new criminal conviction. C.R. at 24-25, 54. In January 2024, he was sentenced to 12 months' probation. C.R. at 82. In March 2024, the Board referred back to its December 2023 decision and recommitted him as a CPV for 6 months and established a parole violation maximum date of September 20, 2029. C.R. at 74. In its discretion, the Board did not award credit to him for the time spent at liberty on parole. In support, it cited the fact that he absconded while on parole supervision and his history of supervision failures. *Id*.

As the Board calculated:

> [Petitioner] was paroled on September 10, 2019 with a [parole] max[imum] date of April 28, 2027. This left [him] with a total of 2787 days remaining on [his] sentence at the time of parole. The Board's decision to recommit [him] as a [CPV] authorized the recalculation of [his] sentence to reflect that [he] received no credit for the time [he was] at liberty on parole. [Section 6138(a)(2) of the Parole Code,] 61 Pa.C.S. § 6138(a)(2). . . . This means there were 2787 days still remaining on [his] sentence, based on [his] recommitment.
>
> The Department of Corrections lodged its detainer against [him] on February 2, 2022. [He was] arrested on February 3, 2022 for new criminal charges[.] [He] did not post bail.

---

[1] Defiant Trespass—Actual Communication is defined as follows: "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor[.]" Section 3503(b)(1)(i) of the Crimes Code, 18 Pa.C.S. § 3503(b)(1)(i).

[He was] sentenced on January 3, 2024 to [12] months' probation. Because [he] did not receive a new term of incarceration, [he is] therefore entitled to credit toward [his] original sentence for 700 days from February 2, 2022 to January 3, 2024. Subtracting 700 days from 2787 days leaves [him] with 2087 days remaining on [his] original sentence. Adding that amount to [his] January 3, 2024 availability date yields a recalculated max date of September 20, 2029.

C.R. at 82.

In April 2024, the Board received a request for administrative relief from Petitioner. C.R. at 78-79. In August 2024, the Board affirmed its March 2024 decision. C.R. at 81-83. In September 2024, Petitioner petitioned for review of the Board's decision.[2]

On appeal, Petitioner argues that the Board lacked authority to extend his original judicially imposed sentence. However, the Board has authority to extend a maximum sentence date beyond that imposed by the sentencing court pursuant to Section 6138(a) of the Parole Code, 61 Pa.C.S. § 6138(a). If a parolee commits a crime while on parole and is convicted "at any time thereafter," he may be recommitted as a CPV. *Id*. As we explained in *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 74 (Pa. Cmwlth. 2013), "[i]t is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator[, and thus recalculate his maximum sentence date,] after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual [was] on parole."

---

[2] Before this Court, Petitioner twice sought leave to add the judgment of sentence order to the certified record. This Court denied both of Petitioner's motions. *See* Cmwlth. Ct. Orders dated 11/22/2024 and 12/20/2024.

As for the Board's recalculation of Petitioner's maximum sentence date, Petitioner was not entitled to additional credit. Pursuant to Section 6138(a)(2.1) of the Parole Code, 61 Pa.C.S. § 6138(a)(2.1), the Board, in its discretion, is authorized to grant or deny a CPV credit for time spent at liberty on parole for certain criminal offenses if it provides a sufficient reason for doing so. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017). Here, the Board declined to grant credit, reasoning that Petitioner absconded while on parole supervision and had a history of supervision failures. C.R. at 82. Specifically, it noted that he was paroled four times, absconded each time, and had four technical parole violator recommitments. *Id*. Thus, we cannot find that the Board abused its discretion in denying credit for time spent at liberty on parole.

As for Petitioner's argument that the Board's actions violated his constitutional rights, Petitioner failed to preserve such issues on appeal in his request for administrative relief submitted to the Board. *See McKenzie v. Pa. Bd. of Prob. & Parole*, 963 A.2d 616, 621 (Pa. Cmwlth. 2009) (petitioner's failure to raise an issue before the Board results in waiver and precludes our review). Notwithstanding Petitioner's waiver, there were no due process violations in the revocation process. When he was released on parole in September 2019, he was advised of potential penalties and accepted them as part of his release conditions. Following his arrest and new criminal conviction, he signed a "waiver of revocation hearing and admission form" in November 2023 thereby waiving his right to a revocation hearing and admitting that he was convicted in violation of his parole. Finally, he was afforded the opportunity to challenge the Board's recalculation decision, which satisfied his right to due process. *See Young v. Pa. Bd. of Prob. & Parole*, 409 A.2d 843, 848 n.5 (Pa. 1979).

4

Accordingly, we affirm.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maurice Shoatz,  :
          Petitioner  :
                      :
          v.  :   No. 1234 C.D. 2024
                      :
Pennsylvania Parole Board,  :
          Respondent  :

## O R D E R

AND NOW, this 8th day of August, 2025, the order of the Pennsylvania Parole Board is AFFIRMED.

 

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita