# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Deshon M. Gibson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 859 C.D. 2024 |
| | : | |
| Pennsylvania Parole Board, | : | Submitted: May 12, 2026 |
| Respondent | : | |

BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
         HONORABLE MICHAEL H. WOJCIK, Judge
         HONORABLE MATTHEW S. WOLF, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED: June 24, 2026

Deshon M. Gibson (Petitioner), by counsel, petitions this Court for review of the Pennsylvania Parole Board's (Board) decision mailed on May 28, 2024. Therein, the Board denied Petitioner's request for administrative relief from the Board's prior decision mailed on November 20, 2023, which recommitted him as a convicted parole violator (CPV) to serve six months' backtime,[1] recalculated his maximum sentence date, and denied him credit for time spent at liberty on parole.[2] Petitioner contends that

---

[1] "Backtime" is defined as "the unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." Section 61.1 of the Board's regulations, 37 Pa. Code § 61.1.

[2] The time a parolee spends at liberty on parole is also referred to as "street time." *Dorsey v. Pennsylvania Board of Probation & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

the Board erred when it recommitted him as a CPV without providing a legally sufficient explanation for denying him credit for time spent at liberty on parole. Upon review, we affirm the Board.

**Background and Procedural History**

On January 28, 2009, Petitioner pled guilty to various criminal charges, including attempted murder in the first degree and aggravated assault, and was sentenced in the York County Court of Common Pleas to a period of not less than 10 years' nor more than 20 years' confinement at a State Correctional Institution (SCI). Petitioner's minimum and maximum sentence dates were April 25, 2020, and April 25, 2031, respectively. (Certified Record (C.R.) at 1, 10.)

By decision recorded December 9, 2020, the Board granted Petitioner parole. He was released to an approved home plan on January 12, 2021. The conditions of his parole stated he must abstain from the unlawful possession, sale or use of controlled substances without a valid prescription, refrain from owning or possessing any firearms or other weapons, and refrain from any assaultive behavior. *Id.* at 7-8, 10-14. The Board also informed him that

> [i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the   balance of the sentence or sentences which you were serving when paroled/reparoled, **with no credit for time at liberty on parole.**

*Id.* at 13 (emphasis added).

On March 11, 2021, approximately two months after his release, the York City Police Department arrested Petitioner for drug and firearms offenses and receiving stolen property. *Id.* at 17, 19, 23, 97. Subsequently, he was charged with several criminal offenses and detained at the York County Prison. By decision recorded May 3, 2021, the Board ordered Petitioner detained pending the disposition of his criminal

2

charges. On March 23, 2023, Petitioner pled guilty in U.S. District Court to one count of the federal offense of unlawful possession of a firearm and was sentenced to 37 months of incarceration. *Id.* at 91. On August 11, 2023, Petitioner pled guilty in the court of common pleas to the state offense of possessing a controlled substance by a person not registered and was sentenced to one year of probation. *Id.* at 24, 26, 27.

On November 2, 2023, the Board held a parole violation and revocation hearing, for which Petitioner waived his right to counsel. *Id.* at 22. At the hearing, Petitioner acknowledged both his state and federal convictions, but claimed that the revocation hearing was not timely with respect to his federal firearms conviction. *Id.* at 39, 52. By decision recorded on November 14, 2023 (mailed on November 20, 2023), the Board recommitted Petitioner as a CPV for his drug offense to serve a recommitment period of six months, with no credit for time spent at liberty on parole.[3] The Board's decision explained the reasons it did not award Petitioner any credit for his "street time" as follows: (1) he "continues to demonstrate unresolved drug and/or alcohol issues that warrant denying credit for time at liberty on parole"; and (2) he "was arrested within two months of his release." *Id.* at 111. In its decision, the Board recalculated Petitioner's new maximum date as June 22, 2031, and stated that while confined, Petitioner must "be evaluated for drug and alcohol and participate in any treatment determined appropriate." *Id.* at 108-10.

Thereafter, Petitioner filed a petition for administrative review, in which he contended that the Board erred when it failed to grant him credit for time spent at liberty on parole. *Id.* at 114-18. In a decision mailed on May 28, 2024, the Board responded to Petitioner's request for administrative relief and concluded that its

---

[3] The Board took no action with respect to the federal firearms conviction because it determined that the parole revocation hearing was untimely with respect to that offense. *Id.* at 98, 107, 110-11.

decision was correct[4] and that it had articulated sufficient reasons not to award Petitioner any credit for time spent at liberty on parole. *Id.* at 125-27. The Board stated:

> The decision on whether to grant or deny a CPV credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code authorizes the Board to grant or deny credit for time at liberty on parole for certain offenses. 61 Pa.C.S. § 6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman v. Pennsylvania Board of Probation & Parole*, [159 A.3d 466 (Pa. 2017)], the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole. In this case, the Board articulated that you were denied such credit because you continue to demonstrate drug and/or alcohol issues and you were arrested within two months of your release that warrant denying credit for time at liberty on parole. Drug use surfaced soon after your release. On March 11, 2021, [the] York City Police Department observed you smoking a blunt on your front porch. You were arrested on new charges within eight weeks of your release. New charges were filed within three months of your release. Thus, the reasons provided for denying you credit for the time spent at liberty on parole are sufficient.

*Id.* at 125. This counseled appeal followed.

**Discussion**

On appeal,[5] Petitioner maintains that when deciding whether to award credit for time spent at liberty on parole, the Board is required to "explain[] how

---

[4] Petitioner raised additional issues in his petition for administrative review, which he has abandoned in his appeal to this Court.

[5] Our review is limited to determining whether the Board erred as a matter of law, made findings unsupported by substantial evidence on the record, or violated Petitioner's constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Fisher v. Pennsylvania Board of Probation & Parole*, 62 A.2d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

4

additional incarceration and the denial of credit for time spent at liberty on parole was necessary for rehabilitative reasons." (Petitioner's Br. at 4.) Petitioner relies on this Court's decision in *McKenzie v. Pennsylvania Board of Probation & Parole*, 963 A.2d 616 (Pa. Cmwlth. 2009), to support his argument. In *McKenzie* we stated

> [t]he parole revocation process has two distinct components. The first component involves a factual issue as to whether the parolee violated one or more conditions of his parole. Only upon a finding the parolee violated the conditions of his parole does the second question arise whether the parolee should be recommitted to prison or whether other steps should be taken to improve the parolee's chances of rehabilitation.

963 A.2d at 619. The Board asserts it has discretion to determine whether to grant or deny a CPV credit for time spent at liberty on parole so long as it provides a contemporaneous statement explaining its reason for denying credit for time spent at liberty on parole. In this case, the Board argues it did so, setting forth two reasons in support of its decision, both of which have previously been found by this Court to be valid grounds for denying credit for time spent at liberty on parole. (Respondent's Br. at 5-7.)

Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code) "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," subject to certain enumerated exceptions. *Plummer v. Pennsylvania Board of Probation & Parole*, 216 A.3d 1207, 1211 (Pa. Cmwlth. 2019); *see also Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466, 469 (Pa. 2017). This provision states, in relevant part, as follows:

> (2.1) The Board may, **in its discretion**, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a

5

crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).

    (ii)    The offender was recommitted under section 6143 (relating to early parole of offenders subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2.1)(i)-(ii) (emphasis added; footnotes omitted). In the present case, Petitioner's new crimes fell into neither of the exempted categories for which the grant of credit for time at liberty on parole is not allowed.

When exercising its discretion with respect to the grant or denial of credit for "street time," however, the Board must provide a contemporaneous statement explaining the basis for its decision. *Pittman*, 159 A.3d at 475. In *Pittman*, our Supreme Court observed that the Board's statement need not "be extensive, and a single sentence is sufficient under most circumstances." *Id.* at 475 n.12. The *Pittman* Court also held that the Board abuses its discretion when it fails to conduct "an individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation," *id.* at 474, and the Board's stated reason or reasons must be "documented by the record." *Plummer*, 216 A.3d at 1212.

In the instant case, the Board's decision as to whether or not to grant Petitioner credit for time spent at liberty on parole is clearly discretionary under the Parole Code.[6] The Board stated in its May 28, 2024 decision that it declined to award Petitioner credit for the two months he spent at liberty on parole for the following reasons: (1) the offender continues to demonstrate unresolved drug and/or alcohol issues that warrant denying credit for time at liberty on parole; and (2) the offender was

---

[6] We have held that generally, an administrative agency's exercise of discretion will be upheld so long as it is authorized by statute." *Soto v. Pennsylvania Parole Board*, 311 A.3d 1260, 1264 (Pa. Cmwlth. 2024).

arrested within two months of his release on parole. (C.R. at 111.) This Court has previously held that unresolved drug and alcohol issues are valid grounds for denying a parolee credit for time spent at liberty on parole. *See Smoak v. Pennsylvania Board of Probation & Parole*, 193 A.3d 1160 (Pa. Cmwlth. 2018); *Vann v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed April 10, 2018), slip op at *8 (unreported) (holding that reason of "prior history of supervision failures" and "unresolved drug and alcohol issues" was sufficient).[7] Moreover, Petitioner's unresolved drug and/or alcohol issues are documented in the record. *See* C.R. at 23, 25, 27, 61, 93.

Similarly, the Board's second reason for denying Petitioner credit, the fact that he "was arrested within two months of his release," has also been found to be a sufficient reason for denying a parolee credit for time spent at liberty on parole. In *Barnes v. Pennsylvania Board of Probation & Parole*, 203 A.3d 382 (Pa. Cmwlth. 2019), this Court denied a parolee credit for time spent at liberty on parole, relying in part on the fact that his parole resulted in "early failure" when he was convicted of a new crime after only "[eight] months on the street." *Id.* at 391.

Petitioner argues that the Board erred when it cited his substance abuse in its decision to deny Petitioner credit, but did not explain how that decision was necessary for rehabilitative reasons. (Petitioner's Br. at 4.) However, Petitioner cites no authority requiring the Board to explain how the grant or denial of street time is necessary for rehabilitative reasons, and we have found none. The language Petitioner relies on in *McKenzie* describes "the revocation process," or in other words, the criteria the Board considers when making decisions as to whether or not to revoke an inmate's parole. The case does not mention the issue of granting or denying credit to inmates

---

[7] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

for time spent at liberty on parole. Moreover, it imposes no requirement on the Board that it must include explanations relating to rehabilitation in its revocation decisions.

As our caselaw demonstrates, when the Board issues a decision revoking an inmate's parole, it is only mandated to provide "a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. In this case, the Board complied with this mandate. Therefore, we conclude, consistent with the case law discussed above, that the Board articulated sufficient reasons for denying Petitioner credit for his street time. The Board's stated reasons were reasonable, related to Petitioner's current offenses, and supported by the record.[8]

## Conclusion

Based on the foregoing, we find that the Board did not err, but instead, appropriately applied the Parole Code and followed *Pittman* by providing a reasonable, record-based and contemporaneous rationale for its decision to deny Petitioner credit for time spent at liberty on parole. Accordingly, we affirm the Board's order.

---

PATRICIA A. McCULLOUGH, Judge

---

[8] We also note that the conditions of Petitioner's parole provided that he must abstain from the unlawful possession, sale or use of controlled substances without a valid prescription and that any recommitment resulting from his commission of a new offense could result in no credit awarded for his time spent at liberty on parole.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deshon M. Gibson, : 
               Petitioner : 
                : 
          v. :   No. 859 C.D. 2024
                : 
Pennsylvania Parole Board, : 
               Respondent : 

## _ORDER_

AND NOW, this 24th day of June, 2026, the Order of the Pennsylvania Parole Board, mailed on May 28, 2024, is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge