Christian Lamont PLUMMER,
Petitioner

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 2007.
Decided June 8, 2007.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COLINS.

Christian Plummer petitions for review of an order of the Pennsylvania Board of Probation and Parole that denied his administrative appeal of a Board decision recommitting Plummer to a state correctional institution to serve twenty-four months backtime as a convicted parole violator.

The facts as revealed in the record are as follows. Plummer had been convicted for felony drug and escape offenses, for which he received a sentence of one and one half to five years. The Board granted parole to Plummer on August 2, 2004, but he was convicted of three new criminal drug charges on March 2, 2006 and received a new sentence for those convictions of six years. The Board conducted a revocation hearing on June 7, 2006, based upon the new convictions, and recommitted him on June 29, 2006. The Board issued a decision on August 3, 2006 combining its revocation and recalculation of Plummer's minimum and maximum release dates. Plummer filed an administrative appeal of the Board's revocation decision, but did not file an appeal of the recalculation decision. The Board letter responding to the appeal noted that Plummer had waived the issue of timeliness of his revocation hearing and affirmed the revocation order. Plummer made no objection to the recalculation order.

In this appeal, Plummer raises the following issues: (1) whether the Board violated Plummer's due process rights because the Board did not assemble a three-member panel, but rather circulated a proposed letter to seven Board members for signature; (2) whether the Court should remand the matter to the Board to consid-er whether a typographical error resulted in the wrong maximum date, and thereby deprived Plummer of credit for the period from March 3, 2006 through June 29, 2006; and (3) whether the Board held a timely revocation hearing.

The first issue involves the question of whether the Board complied with Section 4(d) of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.4(d), which provides:

> An interested party may appeal a revocation decision within thirty days of the board's order. The decision shall be reviewed by three members appointed by the chairman's designee. If practicable, at least two of the board members reviewing the decision must not have been on the panel whose decision is being appealed. The three board members deciding the appeal may affirm, reverse or remand the decision of the panel or may order the matter heard de novo.

In this case, Plummer takes issue with the fact that the letter denying the appeal was signed by the Secretary of the Board, who is not a Board member, and that only two members signed a form indicating their agreement with the decision to deny the administrative appeal. Specifically, Plummer asserts that the Board's failure to follow the letter of the law—to appoint a three-member panel to decide the appeal—violates the Act and Plummer's due process rights. Plummer asserts that the Board's practice is to circulate an "original letter" with an instruction sheet to members with the notation "requires 2 agreeing signatures" until two members agree with the proposed disposition. The crux of this claim is that in reality the process ensures an affirmance of the Board's decision to deny an administrative appeal because the Board can circulate the letter until it obtains two votes to affirm. If that were the

case, the Court might be more likely to agree with Plummer's argument that the process is unfair. The process Plummer describes seemingly would permit, in contravention of the Act, the Board essentially to vote shop until it obtains a result in support of the decision under review, because the circulation process invites only votes affirming the decision.

However, the circulation letter that Plummer describes clearly indicates that a panel member has the option to concur, reverse, or remand a decision. Thus, there is no certain indication that the Board's process is calculated to achieve a vote denying an administrative appeal.

Furthermore, in this case, the Court must be cognizant of the basis for the Board's revocation order, namely Plummer's new convictions. A condition of continued parole is that a parolee not be convicted of new criminal charges. Plummer has not asserted that the backtime the Board imposed exceeds the permitted range; nor has he asserted that the Board ignored mitigating factors in arriving at the period of backtime imposed. The record in this case demonstrates that Plummer does not dispute the fact that he was convicted on new charges, and the record supports this fact. Accordingly, the Board acted properly in denying the administrative appeal, and any deviation from the process required under the Act is nothing more than harmless error, which will not support reversal. *Pana v. Pennsylvania Board of Probation and Parole*, 703 A.2d 737 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 556 Pa. 715, 729 A.2d 1132 (1998).

The next issue Plummer raises concerns credit he claims the Board did not credit to his original sentence for the period from March 3, 2006 through June 29, 2006, approximately 119 days. Plummer candidly admits that he did not raise this issue before the Board. However, he argues that the Board's method of notifying a parolee of new minimum and maximum dates provides parolees with insufficient factual detail that would enable a parolee to challenge a recalculation order. Thus, Plummer asserts, as a matter of due process and in the interests of fairness, the Board should be directed to correct any failure to provide Plummer credit for the subject time period.

 In response, the Board relies primarily on the fact that Plummer failed to exhaust his administrative remedies and consequently waived the issue by not filing a petition for review of the recalculation order. We agree with the Board's argument that Plummer has waived the issue. *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa.Cmwlth. 561, 493 A.2d 146 (1985). Furthermore, the Court also notes that the Board correctly calculated Plummer's credit for the period. Under *Campbell v. Pennsylvania Board of Probation and Parole*, 48 Pa.Cmwlth. 454, 409 A.2d 980 (1980) and *Hill v. Pennsylvania Board of Probation and Parole*, 683 A.2d 699 (Pa.Cmwlth.1996), the general rule applied in calculations of minimum and maximum release dates is that the Board must credit time a parolee spent in custody between the date of conviction for the new charge and the date the Board recommits him as a direct violator, as in this case, to the new sentence. Thus, we agree with the Board that, even if Plummer had not waived the issue, the Board did not err by not applying credit to Plummer's original sentence.

 Plummer's final argument is that the Board failed to hold a timely parole revocation hearing following the date that the Board received official verification of Plummer's guilty plea. Plummer's counsel seeks leave to withdraw as counsel with regard to this single issue. First, counsel

for Plummer acknowledges that the June 6, 2006 Board hearing reflects no reference or objection to the timeliness of the hearing. Counsel points out that Plummer made no objection to the criminal arrest and disposition report that indicates that the official verification date of the new conviction was March 27, 2006. That date would satisfy the requirement that the Board conduct a hearing within 120 days. Because the record supports the conclusion that, even if Plummer had not waived the issue, the Board provided a hearing within the required 120–day period, we agree with the Board that, not only did Plummer waive the issue, but it is also without merit, and therefore, counsel is permitted to withdraw as to this issue.

Based upon the foregoing, the Board's order is affirmed.

### ORDER

AND NOW, this 8th day of June 2007 the order of the Pennsylvania Board of Probation and Parole is affirmed.