IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexis Lizardi-Olan,               :
                      Petitioner     :
                                 :
               v.            :
                                 :
Pennsylvania Board          :
of Probation and Parole,    :   No. 224 C.D. 2015
                Respondent  :   Submitted: April 1, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: July 22, 2016


      Alexis Lizardi-Olan (Lizardi-Olan) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) February 3, 2015 order denying his petition for administrative review (Petition). Lizardi-Olan raises the following issues: (1) whether the Board improperly extended Lizardi-Olan's judicially-imposed sentence;[1] (2) whether the Board accounted for Lizardi-Olan's eligibility for the Recidivism Risk Reduction Incentive (RRRI) Program in recalculating his backtime; and, (3) whether the Board erred by grading Lizardi-Olan's new conviction as a first-degree felony offense and calculating the presumptive range based thereon. After review, we affirm.

      Lizardi-Olan is an inmate currently confined at State Correctional Institution at Houtzdale. On February 27, 2012, Lizardi-Olan was paroled from his

---

[1] In his Statement of Questions, Lizardi-Olan also asked whether the Board has the statutory authority to extend a judicially imposed sentence where a parolee did not abscond or become a fugitive. Our resolution of the first issue also addresses this question.

4½ to 10-year sentence for the manufacture, sale, delivery or possession with intent to deliver a controlled substance (Original Sentence). At that time, his maximum sentence release date was August 27, 2017. He signed and acknowledged Conditions Governing Parole/Reparole that advised: "If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." Certified Record (C.R.) at 11-12.

On May 30, 2013, Lizardi-Olan was arrested in Berks County on new criminal charges (New Charges) and detained in Berks County Prison in lieu of monetary bail. On May 31, 2013, the Board lodged its detainer against him. On June 30, 2014, Lizardi-Olan pled guilty to a heroin delivery charge and was sentenced to a 2 to 8-year prison term (New Sentence), but received a 398 day credit on the New Sentence for the time served. C.R. at 44. Lizardi-Olan was returned to a state correctional institution on July 22, 2014.

On August 4, 2014, Lizardi-Olan signed a "Waiver of Revocation Hearing and Counsel/Admission Form[,]" waiving the revocation hearing and admitting his parole violation. C.R. at 52. On September 5, 2014, the Board revoked Lizardi-Olan's parole and, denied him credit for his time spent at liberty on parole. The Board's hearing report shows that the box marked "No" is checked in response to the question: "Credit time spent at liberty on parole[.]" *See* C.R. at 56. By decision mailed October 6, 2014, the Board recommitted Lizardi-Olan as a convicted parole violator to serve 24 months of backtime on his Original Sentence. The Board recalculated his Original Sentence maximum release date to March 5, 2020.

Lizardi-Olan appealed to the Board. On February 3, 2015, the Board denied his administrative appeal and affirmed its October 6, 2014 decision. Lizardi-Olan appealed to this Court.[2]

Lizardi-Olan first argues that the Board improperly extended his judicially-imposed Original Sentence because it failed to exercise any discretion when it denied him credit against his maximum sentence for time spent at liberty on parole. We disagree.

Section 6138(a) of the Prisons and Parole Code (Parole Code) provides, in pertinent part:

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, **the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole**.
>
> **(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole,** unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as

---

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code] (relating to early parole of inmates subject to Federal removal order).

. . . .

(4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a) (emphasis added).

"[W]hen a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time,[3] regardless of good or delinquent standing." *Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). The Pennsylvania Supreme Court has specifically held that the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions, or violate a parolee's

---

[3] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

due process rights. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980).[4]

Recently, in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016), *appeal granted*, 90 MAL 2016 (Pa. May 23, 2016), this Court addressed and rejected the same argument asserted in this case by Lizardi-Olan, i.e., that "the Board completely failed to exercise its discretion under [S]ection 6138(a)(2.1) of the Parole Code by checking a box denying credit and that this alleged failure to exercise discretion, in and of itself, constitute[d] an abuse of discretion." *Id*. at 609.

The Court explained:

> [T]he Board's exercise of discretion under [S]ection 6138(a) of the Parole Code is two-fold. First, the Board must determine whether to recommit a parole violator. Second, when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but the Board may, in its discretion, award the parolee credit. . . .
>
> The hearing report provided the Board with the option to award [the parolee] with credit for time spent on parole in a 'yes' or 'no' format and listed, by way of reference, the

---

[4] *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, **he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole** . . . .

(Emphasis added).

5

particular provision of the Judicial Code, [S]ection 9714(g), 42 Pa.C.S. § 9714(g), for which violation while on parole would preclude the Board from exercising its discretion to award credit. On its face, the hearing report provided the Board with the choice to award credit under [S]ection 6138(a)(2.1) of the Parole Code or not. There are no further instructions regarding credit on the hearing report. **Consequently, the completed hearing report, alone, establishes that the Board exercised discretion pursuant to [S]ection 6138(a)(2.1) [of the Parole Code] by checking 'no' and denying [the parolee] credit for time spent at liberty on parole**. . . .

Our conclusion is reinforced by other provisions of the Parole Code governing decisions made by the Board. Notably, unlike the Board's decisions to parole and reparole under [S]ection 6137 of the Parole Code, our legislature has not enumerated any criteria to be considered or general standard to be applied by the Board when determining whether to award credit.

. . . .

By way of [the] guidelines [in Sections 6137(a)(1)(i)-(ii) and (h)(1)-(2) of the Parole Code], the legislature established specific parameters and means by which the Board may exercise its discretion. *See* 61 Pa.C.S. § 6137(a)(1)(i)-(ii) (stating that the Board, after considering guidelines, may parole when, in its opinion, '[t]he best interests of the inmate justify or require that the inmate be paroled' and '[i]t does not appear that the interests of the Commonwealth will be injured by the inmate's parole.'); 61 Pa.C.S. § 6137(h)(1)(i)-(ii) (stating that the Board, after considering recommitment ranges, may recommit or reparole when, in its judgment, '[t]here is a reasonable probability that the inmate will be benefited by paroling the inmate again' and '[i]t does not appear that the interests of the Commonwealth will be injured by paroling the inmate again.').

In contrast to these provisions, [S]ection 6138(a)(2.1) [of the Parole Code] only states that the Board 'may, in its discretion, award credit. . . .' 61 Pa.C.S. § 6138(a)(2.1). Based upon its plain language, there are no statutory standards in [S]ection 6138(a)(2.1) of the Parole Code that

6

define or curtail how, when, or in what manner discretion should or must be exercised. It is well-settled that this Court cannot supply such guideposts as a matter of judicial construction. *Commonwealth v. Rieck Investment Corp., . . . 213 A.2d 277, 282 ([Pa.] 1965)* ('[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include.'). Ultimately, the absence of statutory standards further supports the conclusion that the Board's checking of 'no' on the hearing report demonstrates that the Board fully exercised the discretion that the legislature afforded to it under [S]ection 6138 of the Parole Code. Therefore, [the parolee's] argument that the Board failed to exercise discretion is refuted by the record and the statutory language and scheme contained in [S]ection 6138 of the Parole Code.

*Pittman*, 131 A.3d at 609-11 (emphasis added; footnotes omitted). As in *Pittman*, the Board in this case checked "no" on the Hearing Report denying credit for time spent at liberty on parole. Accordingly, for the reasons set forth in *Pittman*, Lizardi-Olan's argument fails.

Next, Lizardi-Olan contends that he must receive credit for all of his pre-sentence commitment time, and that the Board's calculation fails to provide such credit. Specifically, he argues:

[Lizardi-Olan] was made eligible [under his new sentence] for the [RRRI Act[5]]. 61 Pa.[]C.S.[] §§ 4501[-4512].

---

[5] "The [RRRI] Act enables an offender meeting certain conditions and requirements to become eligible for early release, but does not obviate the initial imposition of the minimum sentence." *Commonwealth v. Stotelmyer*, 110 A.3d 146, 148 n.4 (Pa. 2015).

[T]he RRRI Act 'seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.' 61 [Pa.C.S.] § 4502. As part of achieving that aim, the RRRI Act requires the trial court to determine at the time of sentencing whether the defendant is an 'eligible offender.' 61 [Pa.C.S.] § 4505(a). If the court finds the defendant to be an eligible offender, or if the prosecuting attorney waives the eligibility requirements under Section

7

[Lizardi-Olan]'s original maximum date was August 27, 2017. His recomputed maximum date with no credit for time at liberty on parole was calculated by the [Board] to be March 5, 2020. The Board therefore increased [Lizardi-Olan]'s maximum date by 2 years 7 months 5 days. This is 16 months 8 days more than [Lizardi-Olan]'s time at liberty on parole. The Board decision of [S]eptember 29, 2014, which was mailed on October 6, 2014 does not explain this calculation. Moreover, the [d]enial of [Lizardi-Olan]'s Request for Administrative Relief mailed February 3, 2015, doesn't even indicate what the new maximum date is. However, the record does indicate that [Lizardi-Olan] was released on parole on February 27, 2012, and the Board Summary indicates that he was arrested and the Board detainer imposed on May 30, 2013. He was therefore at liberty on parole for only 15 months 3 days. [Lizardi-Olan] was sentenced to 24 months to 8 years on his [N]ew [S]entence. Having been made eligible for RRRI, he would be entitled to six months off his sentence and therefore only have to serve 18 months on the [N]ew [S]entence before he was eligible to apply for parole. Thus, the [Board's] calculation not only adds 16 months 8 days to the sentence more than the time he spent at liberty on parole, it does not take the RRRI calculation of 6 months off of his 24 months sentence into account which would require him to only serve 18 months on the new sentence. Thus, the [Board] erred in extending the maximum date to March 5, 2020, and the matter should be remanded for a new calculation.

4505(b) [of the RRRI Act], the trial court must calculate minimum and maximum sentences, and then impose the RRRI minimum sentence, which 'shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less,' or 'shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years.' [61 Pa.C.S.] § 4505(c). Furthermore, if an eligible offender 'successfully completes the program plan, maintains a good conduct record and continues to remain an eligible offender,' he or she may 'be paroled on the RRRI minimum sentence date unless the Board determines that parole would present an unreasonable risk to public safety or that other specified conditions have not been satisfied.' 37 Pa. Code § 96.1(b).

*Commonwealth v. Chester*, 101 A.3d 56, 57 (Pa. 2014).

Lizardi-Olan's Br. at 24 (citations omitted).  We disagree.

The Board explained in its brief that:

> The March 5, 2020 max date calculation reflects that Lizardi-Olan had 2008 days remaining on his max date at the time of parole.  This period reflects the total amount of time that Lizardi-Olan had remaining on his sentence from the February 27, 2012 parole date to the original August 27, 2017 max date.  The Board did not grant Lizardi-Olan credit for time at liberty on parole so he still had 2008 days remaining.
>
> The Board did not give Lizardi-Olan any credit on his [O]riginal [S]entence for the period he was incarcerated from May 30, 2013 to June 30, 2014.  This left Lizardi-Olan with 2008 days to serve on his sentence.  The Board found that Lizardi-Olan again became available to serve his [O]riginal [S]entence on September 5, 2014, and added the 2008 days he had remaining to this date to arrive at the new March 5, 2020 max date.

Board's Br. at 4 (citations omitted).

Lizardi-Olan was arrested and a Board detainer was imposed on May 30, 2013.  However, Lizardi-Olan failed to post bail on the New Charges.

It is well-established that:

> [I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence.  **If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.**

*Gaito,* 412 A.2d at 571 (bold emphasis added).  Further, this Court recently stated:

> Section 6138(a)(4) of the [Parole] Code provides: 'The period of time for which a parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the

9

institution as a parole violator.' 61 Pa.C.S. § 6138(a)(4). . . . **'[O]nce a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied, must be applied to the new sentence, and not to the original sentence.'** *Armbruster v. Pa. Bd. of Prob. & Parole,* 919 A.2d 348, 352 (Pa. Cmwlth. 2007).

*Palmer v. Pa. Bd. of Prob. & Parole,* 134 A.3d 160, 166 (Pa. Cmwlth. 2016) (emphasis added). Thus, the Board properly credited the period between May 30, 2013 (when Lizardi-Olan was arrested on the New Charges) and June 30, 2014 (the date on which the trial court accepted Lizardi-Olan's guilty plea) to Lizardi-Olan's New Sentence, rather than his Original Sentence.[6]

"[T]he general rule applied in calculations of minimum and maximum release dates is that the Board must credit time a parolee spent in custody between the date of conviction for the new charge and the date the Board recommits him as a direct violator . . . to the new sentence." *Plummer v. Pa. Bd. of Prob. & Parole*, 926 A.2d 561, 563 (Pa. Cmwlth. 2007). Further, "a parole violator's new maximum date is calculated from the date on which the Board obtained the second signature needed to recommit him as a [convicted parole violator]." *Palmer*, 134 A.3d at 166. Accordingly, the Board correctly declined to credit Lizardi-Olan with the period between June 30, 2014 (when Lizardi-Olan pled guilty) and September 5, 2014 (the date on which the Board recommitted Lizardi-Olan), and properly recalculated Lizardi-Olan's Original Sentence maximum release date from September 5, 2014, the date the Board obtained the second signature required to recommit Lizardi-Olan.

Lizardi-Olan's assertion that his eligibility for the RRRI Program is relevant to the Board's backtime determination is likewise without merit. Lizardi-Olan's eligibility for early release from his **New** Sentence under the RRRI Program

---

[6] The trial court's sentencing order for the New Charges expressly stated that Lizardi-Olan "is to receive credit of 396 days time served." C.R. at 44.

has no impact on the Board's recalculation of the maximum sentence release date for his **Original** Sentence. *See* 61 Pa.C.S. §§ 4505(c), 6138.

Lastly, Lizardi-Olan contends that the Board erred by grading his New Conviction as a first-degree felony offense and calculating the presumptive range based thereon, which resulted in an excessive recommitment term. However, Lizardi-Olan failed to raise this issue to the Board. The law is well-established that "issues not raised by a [convicted parole violator] before the Board in an administrative appeal are waived for purposes of appellate review by this [C]ourt." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993); *see also White v. Pa. Bd. of Prob. & Parole*, 833 A.2d 819 (Pa. Cmwlth. 2003). Because Lizardi-Olan failed to raise this issue before the Board, it is waived and this Court is precluded from addressing it.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

11

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexis Lizardi-Olan,                      :
                  Petitioner              :
                                          :
            v.                            :
                                          :
Pennsylvania Board                        :
of Probation and Parole,                  :    No. 224 C.D. 2015
                  Respondent              :

## O R D E R

AND NOW, this 22nd day of July, 2016, the Pennsylvania Board of Probation and Parole's February 3, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge