IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lenton Rawls, Petitioner | : | |
| v. | : | |
| Pennsylvania Board of Probation and Parole, Respondent | : | No. 840 C.D. 2018<br>Submitted: January 11, 2019 |

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY FILED: February 22, 2019

Lenton Rawls (Rawls) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) May 22, 2018 decision denying his request for administrative relief. Rawls presents one issue for this Court's review: whether the Board erred by not granting Rawls credit for the time he was in custody from July 20, 2017 to October 2, 2017. After review, we affirm.

Rawls is currently an inmate incarcerated at the State Correctional Institution (SCI) at Somerset. On August 21, 2015, he was paroled from a $1^1/_2$ to 3-year sentence for attempted burglary and attempted criminal trespass (Original Sentence). Rawls' Original Sentence maximum release date was May 27, 2017. Before his release on parole, Rawls agreed to conditions governing his parole, including:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or

> been released on your own recognizance from those charges.
>
> If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 7. Rawls did not object to the above-quoted parole conditions.

On February 25, 2017, Philadelphia police arrested Rawls for burglary, criminal trespass and related charges. On February 26, 2017, the Board lodged a detainer to commit and detain Rawls. On June 15, 2017, the Board cancelled the detainer. On July 17, 2017, Rawls pled guilty to burglary and was sentenced to 2 to 4 years of incarceration. On July 19, 2017, the Board lodged a detainer to commit and detain Rawls. On July 20, 2017, Rawls was returned to SCI-Graterford. On September 7, 2017, Rawls signed a waiver of his rights to a revocation hearing and counsel.

On October 2, 2017, the second panel member voted to accept Rawls' hearing waiver, recommit Rawls as a convicted parole violator (CPV), and deny him credit for time spent at liberty on parole.[1] *See* C.R. at 39. By decision recorded January 16, 2018 (mailed January 30, 2018), the Board formally recommitted Rawls

[1] Section 6113(b) of the Prisons and Parole Code states, in relevant part: "The [B]oard may make decisions on . . . revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members." 61 Pa.C.S. § 6113(b).

as a CPV to serve his unexpired term of 1 year, 5 months and 28 days. By January 16, 2018 recommitment order, the Board recalculated Rawls' Original Sentence maximum release date to March 31, 2019. *See* C.R. at 54.

On February 5, 2018, Rawls submitted an Administrative Remedies Form challenging the Board's decision recorded January 16, 2018 (mailed January 30, 2018), which formally recommitted Rawls as a CPV. On May 22, 2018, the Board denied Rawls' request for administrative relief. Rawls appealed to this Court.[2]

Rawls argues that the Board erred by not giving him credit on his Original Sentence from July 20, 2017 to October 2, 2017. Specifically, Rawls asserts that because he was returned to SCI-Graterford on July 20, 2017, any time after that date should be credited to his Original Sentence.

This Court recognizes that Section 6138(a)(4) of the Prisons and Parole Code (Parole Code) provides: "The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator[,]" 61 Pa.C.S. § 6138(a)(4), and "[CPVs] must serve the backtime on their original state sentence before they can begin to serve time on their newly-imposed state sentence under Section 6138(a) of the Code." *Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 (Pa. Cmwlth. 2015).

However,

> [u]nder *Campbell v. Pennsylvania Board of Probation* [&] *Parole*, . . . 409 A.2d 980 ([Pa. Cmwlth.] 1980) and *Hill v. Pennsylvania Board of Probation* [&] *Parole*, 683 A.2d 699 (Pa. Cmwlth. 1996), the general rule applied in calculations of minimum and maximum release dates is that **the Board**

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

> **must credit time a parolee spent in custody between the date of conviction for the new charge and the date the Board recommits him as a direct violator** . . . **to the new sentence**.

*Plummer v. Pa. Bd. of Prob. & Parole*, 926 A.2d 561, 563 (Pa. Cmwlth. 2007) (emphasis added); *Wilson*.

Here, Rawls pled guilty and was sentenced on the new charges on July 17, 2017, and the Board recommitted him as a CPV on October 2, 2017.[3] *See* C.R. at 39. Thus, the time Rawls spent in custody from July 20, 2017 (the date he was returned to SCI-Graterford) to October 2, 2017 "must" be credited to his new sentence. *Plummer*, 926 A.2d at 563.

Moreover,

> a parole violator's new maximum date is calculated from the date on which the Board obtained the second signature needed to recommit him as a CPV. *Wilson* (citing *Campbell* . . . ). Here, the Board's hearing report indicates the hearing examiner obtained a second signature for [Rawls'] recommitment on [October 2, 2017]. C.R. at [39]. As such, [Rawls'] new maximum expiry must be calculated from that date. *Wilson*; *Campbell.*

*Palmer v. Pa. Bd. of Prob. & Parole,* 134 A.3d 160, 166 (Pa. Cmwlth. 2016). Accordingly, the Board properly denied Rawls credit on his Original Sentence for the time he was in custody from July 20, 2017 to October 2, 2017.

For all of the above reasons, the Board's decision is affirmed.

_______________________________

ANNE E. COVEY, Judge

---

[3] The second panel member voted to recommit Rawls as a CPV on October 2, 2017. *See* C.R. at 39.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lenton Rawls, Petitioner | : | |
| v. | : | |
| Pennsylvania Board of Probation and Parole, Respondent | : | No. 840 C.D. 2018 |

O R D E R

AND NOW, this 22nd day of February, 2019, the Pennsylvania Board of Probation and Parole's May 22, 2018 decision is affirmed.

______________________________

ANNE E. COVEY, Judge