IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Hodges,                          :
            Petitioner      :
                              :
          v.               :
                              :
Pennsylvania Board of                 :
Probation and Parole,                 :   No. 948 C.D. 2018
          Respondent      :   Submitted: January 11, 2019


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
BY JUDGE FIZZANO CANNON        FILED: April 11, 2019

       Eric Hodges (Hodges) petitions for review of the June 13, 2018 order of the Pennsylvania Board of Probation and Parole (Board) denying Hodges' request for administrative relief that challenged the recalculation of his parole violation maximum sentence date. We affirm.

       On February 10, 2014, the Board released Hodges on parole after he served time at a state correctional institution (SCI) on his original sentence of 14 to 40 years of incarceration resulting from his murder conviction. Certified Record (C.R.) at 1-2 & 7. Hodges had an original maximum sentence date of February 6, 2040. *Id*. at 7. On May 25, 2016, Hodges was arrested on new criminal charges and the Board detained Hodges pending disposition of the charges. *Id*. at 12-16.

On September 14, 2017, Hodges pled guilty to a new crime, possession of a firearm when prohibited, which is a violation of Section 6105(a)(1) of Pennsylvania's Uniform Firearms Act of 1995, 18 Pa.C.S. § 6105(a)(1).[1]  C.R. at 17. On the same day, the Court of Common Pleas of Philadelphia County (trial court) sentenced Hodges to incarceration for a period of two years, six months to five years. *Id.*  On January 11, 2018, Hodges waived his right to a revocation hearing and admitted to the new criminal charges.  *Id.* at 21.  On February 6, 2018, the Board voted to recommit Hodges as a convicted parole violator (CPV), recommitted him to serve 24 months' backtime,[2] and revoked the time he spent at liberty on parole. *Id.* at 24-25.  The Board recalculated Hodges' maximum sentence date to February 2, 2044.[3]  *Id.* at 42-43.

On April 4, 2018, Hodges filed a request for administrative relief contending that the Board erred when it recalculated his maximum sentence date. *Id.* at 44-46.  On June 13, 2018, the Board denied his request for relief, explaining that there was no indication that it failed to appropriately recalculate his maximum sentence date.  *Id.* at 48.  On July 12, 2018, Hodges petitioned this Court for review.[4]

---

[1] 18 Pa.C.S. § 6105(a)(1) provides "[a] person that has been convicted of an offense enumerated in subsection (b) [includes murder], within or without this Commonwealth . . . shall not possess, use, control, sell, transfer or manufacture . . . a firearm in this Commonwealth."

[2] Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled."  37 Pa. Code § 61.1.

[3] The Board recalculated Hodges' maximum sentence date as follows.  On February 10, 2014, the Board initially paroled Hodges and he had 9,492 days remaining on his original sentence (original maximum sentence date of February 6, 2040 – February 10, 2014 = 9,492 days).  C.R. at 35-36.  On February 6, 2018, the Board voted to recommit Hodges as a CPV; therefore, the Board added the 9,492 days he still owed on his original sentence to February 6, 2018 to obtain the new maximum sentence date of February 2, 2044.  *Id.*

[4] Our review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights

Before this Court, Hodges, through counsel, makes two arguments. First, Hodges asserts that the Board erred because it failed to give him credit for "all time served exclusively pursuant to its warrant." Hodges' Brief at 9. Hodges acknowledges that the Board credited him with time served from his custody for return date but argues that the date used by the Board is incorrect. *Id.* Hodges argues that he was moved to an SCI on September 18, 2017, as provided on the Pennsylvania Department of Corrections' moves report, C.R. at 41, and that this is the date that the Board should have used to recalculate his maximum sentence date, rather than February 6, 2018. *See id.* at 9-10. The Board counters that Hodges did not become available to begin serving his backtime until February 6, 2018, the date that the Board detained him as CPV; therefore, it properly relied on this date to complete its recalculation. Board's Brief at 6-7.

Section 6138(a)(4) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(4), provides that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a [convicted] parole violator." This Court has long held that a CPV's custody for return date is the date that the Board orders the parole revoked; that is, the date the Board obtains the necessary signatures to recommit the parolee as a parole violator. *See Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016); *see also Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) (explaining that a parolee must serve the balance of his original sentence before beginning service on the new sentence but "this rule only becomes operative when parole has been revoked and the remainder of the original sentence becomes due and owing").

---

have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Smoak v. Talaber*, 193 A.3d 1160, 1163 n.2 (Pa. Cmwlth. 2018).

3

Here, the Board ordered Hodges' recommitment as a CPV on February 6, 2018, when it obtained the necessary signatures to do so. C.R. at 29. Therefore, Hodges could not commence serving backtime on his original sentence until this date. Though the Department of Corrections' moves report shows that Hodges was moved to an SCI on September 18, 2017, the report indicates Hodges' status as "parole violator pend[ing]." C.R. at 41. Otherwise stated, the Board had not yet taken action by rendering a decision to recommit Hodges as a CPV, which is the pertinent date. *See Palmer*, 134 A.3d at 166.

Moreover, Hodges obtains credit, albeit against his new sentence, for the time he spent incarcerated while awaiting sentencing on his new crime, as Hodges did not post bail. Generally, time spent incarcerated prior to sentencing shall be credited to a convicted parole violator's original sentence only when he has satisfied bail requirements for the new offense and, therefore, remains incarcerated solely by reason of the Board's detainer. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). When bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. *Id*. Here, Hodges did not post bail on the new criminal charges. C.R. at 32. As a result, Hodges was incarcerated on both the Board's detainer and on the new criminal charges from May 25, 2016 (his date of arrest on the new crime) to September 14, 2017 (his date of sentencing on the new crime). *Id*. at 17. Therefore, this time must apply to the new sentence and cannot be credited against Hodges' original sentence. *See Gaito*, 412 A.2d at 571.

Additionally, the time spent in custody from Hodges' date of conviction and sentencing until his recommitment date is also to be credited to the new sentence. This Court has explained, "the general rule applied in calculations of minimum and

4

maximum release dates is that the Board *must* credit time a parolee spent in custody between the date of conviction for the new charge and the date the Board recommits him as a direct violator, as in this case, *to the new sentence*." *Plummer v. Pa. Bd. of Prob. & Parole*, 926 A.2d 561, 563 (Pa. Cmwlth. 2007) (emphasis added). Here, the trial court indicated in its sentencing order that Hodges' sentence on his new crime "shall commence" on September 14, 2017. C.R. at 17. Nevertheless, the Board detained Hodges pending its disposition on the new crime until February 6, 2018, when it recommitted him as a CPV. *Id.* at 16 & 29. Thus, that time must be credited to the new sentence. *See Plummer*, 926 A.2d at 563.

Second, Hodges argues that the Board erred by failing to award him credit for time spent in good standing on parole from February 10, 2014 through May 23, 2016. Hodges' Brief at 11. Hodges contends that revoking this time was an abuse of discretion because his second conviction is not a crime of violence, he was a "good parolee," and revoking the time "is a deterrent to the rehabilitative effects of parole." *Id.* at 11-12. The Board responds that there was no error because the Board had the discretion to revoke the time spent at liberty on parole prior to his recommitment as a CPV as provided by Section 6138(a)(2) of the Code, 61 Pa.C.S. § 6138(a)(2).

Upon review of the record, we conclude that Hodges has waived this argument. It is well settled that the failure to raise an issue before the Board results in a waiver of that issue and precludes this Court from review. 2 Pa.C.S. § 703(a) (providing that a "party may not raise upon appeal any . . . question not raised before the agency"); Pa.R.A.P. 1551(a) (providing that "[n]o question shall be heard or considered by the court which was not raised before the government unit"); *Price v. Pa. Bd. of Prob. & Parole*, 117 A.3d 362, 364 (Pa. Cmwlth. 2015). This Court may

5

only consider issues not raised before the Board if the issues involve questions concerning: (1) the validity of a statute; (2) the jurisdiction of the agency over the subject matter of the adjudication; or (3) issues that the Court is satisfied that Hodges could not have raised before the Board through the exercise of due diligence. *See* Pa.R.A.P. 1551(a)(1)-(3); *Price*, 117 A.3d at 365.

In his administrative remedies form filed with the Board, Hodges did not contest the Board's decision to refuse to credit him with time spent at liberty on parole. *See* C.R. at 44-46. Though Hodges notes that "the Board decided not to award me credit for time I spent while at liberty on parole" he does not challenge this aspect of the Board's decision. C.R. at 45. Rather, Hodges' argument addresses the time he spent:

> in the Philadelphia County prison on a detainer by the Pennsylvania Board of Probation & Parole, as well as the time I spent awaiting the Board's decision to recommit me as a convicted parole violator. During this time period I was not at liberty on parole and the Board does not have the discretion to take from me this time that I spent in prison.
>
> Therefore, I humbly request that the Board recalculate its Parole Violation Date Calculation and award me credit *for the time I spent in prison* which is a total of 21 months.

C.R. at 46 (emphasis added). Because Hodges does not contest the Board's decision to refuse to credit him with the time spent at liberty on parole, he waived this argument. *See* Pa.R.A.P. 1551(a). Further, Hodges does not present an exception to the waiver rule to enable this Court to consider this issue. Hodges does not challenge the validity of the Code or the jurisdiction of the Board. *See Price*, 117 A.3d at 365 (explaining that "the Board clearly has jurisdiction in parole matters to determine whether a parolee's new criminal conviction warrants recommitment and

6

a recalculation of a maximum sentence date").  Additionally, Hodges could have raised this challenge before the Board as, by his own words, "the Board decided not to award me credit for time I spent on liberty on parole."  C.R. at 45.  Consequently, Hodges has not preserved this issue for consideration on appeal, and we will not address it.  *See Price*, 117 A.3d at 365.

Accordingly, for the foregoing reasons, we affirm.


_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Hodges, : 
      Petitioner :
       :
    v. :
       :
Pennsylvania Board of :
Probation and Parole, : No. 948 C.D. 2018
      Respondent :

## O R D E R

AND NOW, this 11th day of April, 2019, the June 13, 2018 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge