IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derek Wright,  :
               Petitioner  :
  :
      v.  : No. 165 C.D. 2019
  : SUBMITTED: July 5, 2019
Pennsylvania Board of Probation  :
and Parole,  :
               Respondent  :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                     FILED: August 8, 2019

Derek Wright (Wright), an inmate at a state correctional institution, petitions for review of a decision of the Pennsylvania Board of Probation and Parole (Board) that dismissed his administrative appeal as untimely. Also before us is the petition of Jessica A. Fiscus, Esquire, Assistant Public Defender of Erie County (Counsel), to withdraw as counsel on the ground that the petition for review is frivolous. After thorough review, we grant Counsel's petition to withdraw, and we affirm the Board's order.

## I. Background

In October 2007, Wright received an aggregate sentence of 6 to 12 years in prison for aggravated assault, criminal conspiracy, and carrying firearms without a license. The Department of Corrections (DOC) established his minimum sentence date as September 29, 2012 and his maximum sentence date as September 29, 2018.

The Board paroled Wright in May 2016. In July 2016, the Board declared him delinquent. In August 2016, the Board issued a Warrant to Commit and Detain. Parole agents arrested Wright and transported him to a residential facility. He subsequently escaped, and police charged him with escape and criminal mischief in connection with that incident. In October 2016, the Board issued a decision detaining Wright pending disposition of the escape and criminal mischief charges and recommitting him to serve 6 months of backtime as a technical parole violator (TPV).

In January 2017, Wright pleaded guilty to the escape charge and received a sentence of 58 days to 6 months. The Board recommitted him to serve 12 months of backtime as a convicted parole violator (CPV), concurrent with the 6 months of backtime previously imposed on him as a TPV.

In July 2017, Wright was convicted of several new crimes, including theft and burglary, committed in August 2016 while he was at large after his escape. In August 2017, he received a further sentence of two to eight years in prison, consecutive to any other sentence. The Board issued a recommitment order, mailed in November 2017, imposing 6 months of backtime on Wright as a CPV, to be served concurrently with previously imposed backtime. The order specified that Wright had 873 days remaining on his original maximum sentence. The Board recalculated his original minimum reparole date to August 18, 2018 and his original maximum sentence date to January 8, 2020.

In December 2017, Wright filed an administrative remedies form asserting that the Board had improperly recalculated his maximum sentence date because it had not included previously awarded backtime credit. In May 2018, the Board issued a new order correcting its prior calculation and giving Wright sentence credit

2

for 306 days – 107 days awarded on recommitment for his escape conviction and 199 days from the date of sentencing on the escape to the date of sentencing on the new theft and burglary charges. On May 25, 2018, the Board mailed Wright the new order, along with a formal response to his administrative remedies form, notifying him of his new maximum sentence date of March 8, 2019, his right to seek administrative review, and his right to counsel. Notably, although the Board did not alter its previous calculation of Wright's minimum reparole date, Wright did not appeal that issue at that time.

On December 10, 2018, more than 6 months after the Board's response to his administrative remedies form, the Board received a letter from Wright asserting that he had incorrectly served more than a total of 12 months of backtime. In a letter mailed on December 21, 2018 and re-mailed on January 10, 2019, the Board advised Wright that his assertion of error was untimely. The Board construed Wright's December 10, 2018 letter as a challenge to the calculation of his minimum parole date. The Board reasoned that the challenge was untimely because it was not filed within 30 days after May 25, 2018, the date the Board mailed the most recent notice of recalculation of Wright's sentence.

Counsel was appointed to represent Wright. She then filed a petition for review in this Court on Wright's behalf. Thereafter, Counsel filed a request to withdraw, along with a no-merit letter[1] in which she analyzed the legal issues raised in the petition for review and explained her reasons for concluding that the petition for review lacked any basis. Counsel provided Wright with copies of the petition to withdraw and the no-merit letter and advised him of his right to seek new counsel or bring additional issues to this Court's attention on his own.

[1] The requirements relating to no-merit letters under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) by counsel seeking withdrawal are discussed below.

3

This Court issued an order indicating it would consider the petition to withdraw along with the merits of the petition for review. The order also allowed Wright 30 days from service of the order to obtain new counsel and have that counsel file a brief in support of the petition for review, or alternatively, to file a brief on his own behalf. The record indicates Counsel served a certified copy of the order on Wright.

No new counsel entered an appearance for Wright. Neither new counsel nor Wright filed a brief in support of the petition for review.[2]

## II. Issues

In his petition for review, Wright notes the Board's dismissal of his request for administrative review as untimely. Pet. for Rev. ¶ 3. Although he does not specifically request review of this issue, the petition for review does contain a catch-all request for review of "any other issues argued by [Wright] in his Requests for Administrative Relief or issues that first became apparent upon receipt of the [Board's decision mailed on January 10, 2019]." *Id.* ¶ 8. In light of our disposition of the petition for review, we do not specifically consider whether the catch-all language would be sufficient to preserve issues not expressly raised.

Wright specifically raises two issues in the petition for review. First, he contends the Board did not provide a timely parole hearing after he completed service of his backtime. In accordance with the analysis of Counsel and the Board, we construe this as a rewording by Wright of his assertion before the Board that he was improperly required to serve backtime sentences consecutively rather than concurrently. Wright argues that as a result, there was a delay in beginning service of his new sentence.

---

[2] The Board likewise filed no brief.

4

Second, Wright asserts that the Board "incorrectly calculated his parole violation maximum date." *Id.* ¶ 7. We construe this as an assertion that the Board erred in its recalculation of his original maximum sentence date.

In her petition to withdraw, Counsel analyzed the issues raised by Wright and concluded they were without merit.

### III. Discussion
### A. Request to Withdraw

Before reviewing the merits of Wright's appeal,[3] we must decide whether Counsel should be permitted to withdraw. An indigent parolee's right to assistance of counsel does not entitle the parolee to representation by appointed counsel to prosecute a frivolous appeal. *Presley v. Pa. Bd. of Prob. & Parole*, 737 A.2d 858 (Pa. Cmwlth. 1999). Consequently, court-appointed counsel may seek to withdraw if, after a thorough review of the record, counsel concludes the appeal is wholly frivolous. *Id.* An appeal is wholly frivolous when it completely lacks factual or legal reasons that might arguably support the appeal. *Id.*

Under our Supreme Court's holding in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), court-appointed counsel seeking withdrawal adequately protects a petitioner's rights where she presents a no-merit letter detailing the nature and extent of her review, listing each issue the petitioner wished to have raised, and explaining why those issues were meritless. If this Court, after its own independent review, agrees with counsel that the petition is meritless, counsel will be permitted to withdraw. *Id.*; *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121 (Pa. Cmwlth. 2005).

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

### 1. Technical Requirements for Withdrawal

First, Counsel must satisfy the technical requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Pursuant to *Craig*, Counsel must notify the parolee of her request to withdraw, furnish the parolee a copy of a no-merit letter in compliance with *Turner*, and advise the parolee of his right to retain new counsel or raise any points he may deem worthy of consideration. *See Adams*.

Here, Counsel provided Wright with a copy of her no-merit letter and informed him of his right to seek new counsel or file his own brief. Upon Counsel's filing of her no-merit letter, this Court issued an order likewise notifying Wright of his right to retain new counsel or file a brief on his own behalf. Counsel promptly served Wright with a copy of the order. Accordingly, Counsel complied with the technical requirements set forth in *Craig*. *Smith v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 724 C.D. 2016, filed Mar. 3, 2017), 2017 Pa. Commw. Unpub. LEXIS 143 (unreported)[4] (by serving copy of court's order, counsel notified petitioner of right to seek new counsel or file brief on his own behalf); *see Adams*.

### 2. Sufficiency of Counsel's Analysis

Next, we consider whether Counsel engaged in a sufficient review, addressed each issue Wright wished to have raised, and explained why those issues were meritless. In her no-merit letter, Counsel examined and discussed the issues raised by Wright in his petition for review. Our review of the record and Counsel's analysis convinces us she engaged in a careful review of the record and relevant authority.

Counsel fully addressed the timeliness issue of Wright's request for administrative review of the Board's May 25, 2018 decision. Although Wright's

---

[4] We cite this unreported decision as persuasive authority, pursuant to 210 Pa. Code §69.414(a).

articulation of this issue is vague, Counsel confirmed that Wright did not timely seek review of that decision.

A prisoner challenging a determination of the Board must file an administrative appeal within 30 days after the mailing date of the Board's challenged decision. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092 (Pa. Cmwlth. 1993) (citing 37 Pa. Code § 73.1(a)(1)). The Board lacks jurisdiction to entertain an untimely appeal. *Id.*

In her no-merit letter, Counsel explained that the Board issued its recalculation of Wright's minimum parole date and maximum sentence date in November 2017. In response to Wright's December 2017 challenge, the Board mailed a revised decision on May 25, 2018. The Board recalculated the maximum sentence date set forth in its November 2017 order, but did not alter Wright's minimum parole date.

Wright did not challenge either the minimum parole date or the maximum sentence date by seeking review of the Board's revised decision within 30 days after the May 25, 2018 mailing date of that revised decision. Therefore, Counsel concluded Wright failed to preserve any issues for further review by the Board. *See id.* As a necessary consequence, Wright likewise failed to preserve any issues for review by this Court. *Id.* Accordingly, Counsel concluded Wright's petition for review had no merit.

We conclude Counsel's analysis demonstrated that she carefully addressed the issues Wright raised, and she explained why they are meritless. Further, our review of the record and Counsel's analysis in the no-merit letter provide this Court with a sufficient basis to consider and dispose of the issues Wright raised in the petition for review. *See Commonwealth v. Harris*, 553 A.2d 428 (Pa. Super. 1989)

7

(by providing adequate no-merit letter, counsel ensures meaningful independent review by the court). Accordingly, we proceed to a separate consideration of Wright's arguments.

### 3. Independent Consideration of the Merits

We observe initially that Wright failed to file any brief in support of his petition for review, despite this Court's explicit notification that he could do so either through new counsel or on his own behalf. Under Pa. R.A.P. 2188, where an appellant fails to file a brief, the opposing party may seek dismissal of the appeal. Here, however, the Board did not seek dismissal. *See Commonwealth v. Kephart*, 594 A.2d 358 (Pa. Super. 1991) (appellee waived defects in appellant's compliance with appellate rules, where appellee filed no brief). Moreover, the record and Counsel's no-merit letter provide sufficient information to allow meaningful review. Therefore, we consider Wright's arguments. *See In re AMA/Am. Mkt. Ass'n*, 142 A.3d 923 (Pa. Cmwlth. 2016) (denying motion to quash, where failure to comply with appellate rules did not preclude effective review); *Bell Tel. Co. v. Workmen's Comp. Appeal Bd. (Rothenbach)*, 511 A.2d 261 (Pa. Cmwlth. 1986) (disposing of merits of appeal, despite noting claimant was precluded from filing brief for failure to comply with court's filing deadline).

After careful review of the record, we agree with Counsel's analysis. We conclude Wright's petition for review lacks factual or legal reasons that might arguably support it. Specifically, Wright failed to preserve his issues for review by either the Board or this Court. As Counsel correctly observed, Wright failed to file a timely request for administrative review of the Board's May 25, 2018 order. Therefore, he waived any objection to either the Board's recalculation of his maximum sentence date or its failure to recalculate his minimum parole eligibility date. *See Plummer v. Pa. Bd. of Prob. & Parole*, 926 A.2d 561 (Pa. Cmwlth. 2007).

8

Wright likewise failed to preserve his assertion that the Board did not provide a timely parole hearing after service of his backtime. This argument was simply a rewording of Wright's assertion that he had served too much backtime. That assertion necessarily constituted a challenge to the Board's calculation of Wright's minimum parole date. As the challenge to that calculation was untimely, it is waived, precluding this Court's review. *McKenzie v. Pa. Bd. of Prob. & Parole*, 963 A.2d 616 (Pa. Cmwlth. 2009).

Counsel complied with all technical and substantive requirements for requesting withdrawal. After careful independent review, this Court agrees the petition for review is frivolous. Accordingly, we grant the petition to withdraw.

## B. Disposition of Petition for Review

As discussed above, following our independent review of the record and applicable law, we agree with Counsel that Wright's petition for review has no merit. Because we conclude the petition for review completely lacks factual or legal reasons that might arguably support an appeal, we find the petition for review is wholly frivolous.

## IV. Conclusion

Based on the foregoing discussion, we affirm the order of the Board.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derek Wright,
        Petitioner            :

           :

       v.                 : No. 165 C.D. 2019

           :

Pennsylvania Board of Probation    :

and Parole,                 :

        Respondent    :

# **O R D E R**

AND NOW, this 8th day of August, 2019, Jessica A. Fiscus, Esquire's petition to withdraw as counsel is GRANTED.  The order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____

ELLEN CEISLER, Judge